THOMPSON a. THE COMMISSIONERS OF THE CANAL FUND.

*Supreme Court, First District, Special Term; October, 1855.*

INJUNCTION.—JURISDICTION OF STATE COURTS —PROCEEDINGS OF THE GOVERNMENT.

The courts of this State have no power to restrain by injunction, the acts of officers of the State who are proceeding under authority of a law of the State.

That such law is unconstitutional forms no ground for granting such injunction.

It is only the *temporary* injunction which is extended by the Code. It does not enlarge the right to a *final* injunction, but leaves the law on that subject as it stood before.

Order to show cause why an injunction should not issue.

This was an application by John Thompson, of New York city, broker, for an injunction to restrain the Commissioners of the Canal Fund from making a loan of $1,250,000, for the canal enlargement, for which they had advertised to receive bids. The facts appear in the opinion.

*Mr. Van Vleck*, and *Nicholas Hill*, for the plaintiff, contended that the act of April 14, 1855, (*Laws of* 1855, 970, *ch.* 528), under which the commissioners had advertised for the

loan sought to be restrained, was unconstitutional, and therefore did not authorize the commissioners to make the loan sought to be restrained.

*Ogden Hoffman,* (*Attorney General,*) for the commissioners, replied, in defence of the constitutionality of the act.

*W. Curtis Noyes,* on the same side, besides discussing the constitutionality of the law, argued the following points:

I. The complaint is not filed on behalf of all the parties interested, but by the plaintiff as an individual citizen. There are other citizens equally interested with him, and it is a well settled rule of law that such a complaint must be filed in behalf of all interested.

II. The court has not jurisdiction to interfere with the action of State officers in execution of a law of the State, because there may be doubt about the constitutionality of the law.

MITCHELL, J.—Plaintiff is a tax-payer and inhabitant of this State, and has been such inhabitant since 1850. He loaned to the State on 21st June, 1855, one and a quarter million of dollars under the act of 19th February, 1855, (*Laws of 1855, ch.* 23), authorizing such a loan. The Commissioners of the Canal Fund have advertised for proposals for another loan of one and a quarter million of dollars, under the act of April 14, 1855, (*Laws of* 1855, *ch.* 528), and the plaintiff applies for an injunction to prevent their receiving bids for the loan or issuing stock for it, or proceeding further to perfect the loan. The action was not instituted until the 20th of this month, and was brought on to argument on the 23d, on the notice to some of the parties of not more than a day. The importance of the case, and its novelty,—it being an application to prevent the officers of the State from complying with a law passed by the legislature and approved by the Governor of the State—required more time for a deliberate and satisfactory argument or decision.

The plaintiff does not institute his action on behalf of himself and all others similarly interested or who may come in and be made parties. He thus makes this his own individual suit

alone, and leaves it open to every other individual in the State to institute a similar suit on his own account. By setting forth in the complaint the loan made to himself he shows an injury peculiar to himself, and in which other tax-paying citizens are not concerned, and for which his remedy, if he has any, is in an action by and for himself alone ; and by setting forth that he is a tax-paying citizen, he shows an injury common to all other tax-paying citizens, and for which they should unite in one action. He thus, in the same action, attempts to sue, as representative of a class, viz., all the tax-payers, and also in his own individual character. These are objections which should be corrected if the plaintiff is to proceed in this action.

The cases of Christopher *v.* The Mayor, &c. of New York, (13 *Barb.* 567), Milhau *v.* Sharp, (15 *Ib.* 193), Stuyvesant *v.* Pearsall, 15 *Ib.* 244), and De Baum *v.* The Mayor, &c. of New York, (16 *Ib.* 392), decided by the Supreme Court in this District, were, with others, referred to to show that this action could be sustained. The points there decided were, that a municipal corporation, when making laws relating merely to the conduct of those subject to their jurisdiction, was not subject to the control of the courts; but that when attempting, even under the form of legislation, fraudulently to dispose of the property which is held for the benefit of its constituents, or to dispose of it in contravention of law, it could be restrained by the Courts. Every municipal corporation is the creature of the State legislature or subject to its control ; the courts of the State, therefore, may restrain them within the limits prescribed by the legislature, in the same cases in which they may restrain any private incorporated company. There is no reason why the legislature should be inferred to have intended to save them from the same control of the courts that individuals are liable to when they are disposing of property fraudulently or against law. But a distinction is to be made between the acts of such bodies and the acts of the legislature. Justice Strong, in Milhau *v.* Sharp, (15 *Barb.* 231), says: " There is undoubtedly a wide difference in this respect between the acts of the State legislature and of municipal corporations. State laws are enacted by the people through their representatives in senate and assembly. They act in their sovereign capacity, and are subject to no further

restrictions than such as result from their accession to the Union, their own constitution, and such principles as are justly deemed fundamental in all civilized countries.

In some of these cases the court claimed and exercised the power to enjoin the corporation of New York from even *passing a law* which would dispose of the corporate property illegally. They certainly did not claim the power to enjoin the legislature from passing such a law, or one that would be a violation of the constitution.

The courts of the State are recognized in the constitution, but the extent of their powers is prescribed by the legislature. The legislature could withhold entirely the power to grant an injunction in any case, and abolish it, or it can grant, with implied or express exceptions, that remedy. It has granted the remedy and prescribed the cases in which it is to be used. The State cannot be sued in its own courts for any cause of action. Can it be, then, that it was intended so far to violate this principle that its officers, when acting under a law passed by the legislature, should be enjoined from proceeding under such law, because it may be deemed to be unconstitutional, or for any other reason? An injunction, when allowable, may be granted by any judge of the court in which the action is brought, or by a county judge. It could not be the intention of the law that whenever any single judge of the Supreme Court, or any county judge, should deem a law unconstitutional, he should, by injunction, prevent the officers of the State from acting under it. And above all, such intention could not exist in relation to laws for raising revenue to pay for works already authorized by. law. If so, the collection of taxes might be delayed, because the law under which the collector was proceeding had not been fully complied with, and loans equally essential to the support and the credit of the State might be suspended, and subjected to the usual delays of the law, thus stopping effectually the wheels of government. The Court of Chancery refused to enjoin the collection of an illegal assessment, Morris *v.* Smedley, (5 *John's Ch. R.* 28), and when the chancellor afterwards granted an injunction in such a case, (Meserole *v.* Mayor of Brooklyn, 8 *Paige*, 198), the Court for the Correction of Errors reversed this decision, (26 *Wend.,*

132). These authorities have been followed with like refusals to interfere in the Court of Common Pleas and Superior Court, and in the Supreme Court in this city. (See Wilson *v.* Mayor of New York, 1 *Abbott's Pr. R.* 4).*

If the Code has made the temporary injunction more extensive in some respects than it was formerly, and allowed it in any besides equity cases, it is only the *temporary* injunction which it has so extended. That may be granted whenever it appears that the plaintiff is *entitled to the relief demanded* in his complaint, and such relief consists in restraining the commission of some act, the commission of which would produce injury to the plaintiff; or in another case which need not be noticed. This does not enlarge the right to a final injunction, but leaves the law on that subject as it stood before; and if the law did not formerly give such right, the plaintiff is not now entitled to it, and cannot have either the temporary or final injunction. It was only in equitable actions that such relief was formerly granted; it was never granted merely to prevent an officer from carrying out a law of the State because it was deemed unconstitutional where some equity was not the foundation of the bill. The case of Osborn *v.* The U. S. Bank, (9 *Wheat.* 738), was quoted to show that the U. S. Courts held that an injunction might be granted out of their courts to restrain State officers from collecting a State tax, which was unlawful under the laws of the United States. The United States courts, where they have jurisdiction, are above the States—the State courts can claim no such superiority over their own State. The bank then was a plaintiff asking protection from an injury peculiar to itself, and on which it alone was injured, and the relief granted did not interfere with the revenue of the State, except so far as it was to be raised from the bank. The plaintiff here has no such exclusive right to relief; he is not solely interested in the fund proposed to be enjoined as the U. S. Bank was; the injunction would suspend some of the most important works of the State; and if his

* See also, The Chemical Bank *a.* The Mayor, &c. of New York, 1 *Ante*, 79, decided in the Supreme Court, First District, and The N. Y. Life Insurance Co. *a.* The Board of Supervisors of the City of New York, decided in the Superior Court. Both these cases sustain Wilson *a.* The Mayor.

counsel are right, the loan to him is subject to the same objection as the present loan. Would it have been a discreet exercise of the power to grant an injunction to have issued one against him, while he held the whole one and a quarter million of stock to prevent his disposing of it? But if the U. S. courts would grant an injunction in such a case, our highest court has laid down a different rule for our State courts, and must be obeyed by them. The people and the plaintiff are not without remedy.

If the loan is unconstitutional the stock to be issued for it will be void—the State will not be bound by it; and no increase of taxation will fall upon the plaintiff. If the State can in any constitutional way ratify the loan, and shall do so, it must be in such way as to prevent the raising of a larger sum by loan than the constitution permits, and then neither the State nor the plaintiff will suffer any severe injury.

It is not expedient to express any decided opinion on the question whether the law is valid or not—but it is proper to say, that from this caution those who have bid for the stock are not to draw an inference in favor of the lawfulness of the loan, nor others against it; those interested are left to form their opinions as they may be advised.

The motion for an injunction is denied, with costs of the motion.

---

## ORMSBY a. BABCOCK.

*New York Superior Court, Special Term ; November*, 1855.

### TAXATION OF COSTS.—TERM FEES.

Where a case was set down for a particular day, and is not reached on that or an following day in the term, the prevailing party is entitled to a term fee, under § 307 of the Code, subdivision 8.

Application for instructions to the clerk.

The plaintiff had obtained judgment on a demurrer to the complaint, and on the taxation of his costs, claimed to be en-