## THE MAYOR, &c., OF NEW YORK a. FLAGG.

*Supreme Court, First District; Special Term, February,* 1858.

### INJUNCTION.—INTERPLEADER.—OFFICER.

The plaintiffs, a municipal corporation, brought an action against their comptroller, and two adverse claimants of a municipal office and their respective appointees, alleging in their complaint that the former was charged by law with the duty of adjusting all claims against the corporation, and that an action in the nature of a *quo warranto* was pending to try the title to the office in question, and that meanwhile one of the claimants and his subordinates had brought actions against the corporation for salaries; and sought an injunction restraining the former from allowing or paying any such claims, and the other defendants from bringing, or suffering to be brought, or further proceeding in, any such actions during the pendency of the *quo warranto*.

*Held,* that the injunction was properly granted.

Such a case is within the principle of a bill of interpleader as heretofore allowed; and as the question of title to the salaries was dependent solely on the question of title to the office, which was then being litigated, there was no necessity that the plaintiffs should pay or offer to pay into court, the fund or amount of the salaries.

Of the distinction between an officer *de jure* and an officer *de facto*.*

Order requiring the plaintiff to show cause why a temporary injunction should not be dissolved.

The action was brought against Flagg, the comptroller of the

---

* See also The People *on rel.* Devlin a. Peabody, *Ante,* 228.

city of New York, Conover, and Devlin, who each claimed title to the office of street commissioner of the city, and against the subordinate officers appointed by them respectively, to restrain the former from paying and the others from collecting or receiving salaries until the controversy as to the title to the office should have been legally determined.

Upon the verified complaint, the substance of which is stated in the opinion, Mr. Justice Davies granted a temporary injunction ; and the defendant Conover, who was acting as street commissioner, obtained an order that the plaintiffs show cause why the injunction should not be dissolved, so far as related to him, Conover, and clerks appointed by him, and to the payment by defendant Flagg of salaries due to them.

*D. D. Field*, for the motion.—I. No injunction can be granted in an action of *quo warranto* to restrain the defendant in such action from exercising the office pending the litigation. That was decided in the case of The People *a.* The Police Commissioners (4 *Abbotts' Pr. R.*, 333). The public interests require an office to be filled, and whoever holds it *de facto* should be allowed, for the sake of the public, to execute it until another recovers it from him.

II. The complaint in the action of *quo warranto* admits that Conover is in possession of the office. Being in possession, it is his legal duty to execute it ; he cannot execute it without subordinates ; he has a right to appoint them, and the city is liable for their compensation. The office cannot be executed unless the subordinates are paid, and to refuse them payment would be to restrain Conover indirectly from doing that from which it is plain he cannot be directly restrained.

III. The injunction in this case should therefore be dissolved as to all Conover's subordinates, and as to Mr. Conover himself also, because he cannot recover his salary without showing that he is rightfully street commissioner. The whole case turns on the principle that an officer *de facto* has a right, until his ejection, to appoint subordinates and perform all the duties of said office. It is not only a right, but a legal duty.

*R. Busteed*, opposed.—The injunction was properly granted to restrain a multiplication of suits by the employees of the

street commissioner's office against the city. If it should be dissolved as to Conover, it should be also as to Devlin. The injunction cannot be dissolved without deciding upon the title to this office, which cannot be tried in this collateral manner. The employees of both commissioners hold their offices knowing the uncertainty of their tenures, and therefore sympathy for them should be no argument in favor of dissolving this injunction. Moreover, if the city pay all these salaries, a separate action will have to be brought to recover them back if it be decided that the titles of the various subordinates, either of Conover or Devlin, are bad. It may be impossible so to recover them; and thus the injunction asked for is the only practical means of protecting the city.

SUTHERLAND, J.—It appears to me that the case of the plaintiffs, as stated in their verified complaint, comes fairly within the principle upon which bills of interpleader have been heretofore allowed.

The defendants, Conover and Devlin, both claim to be the street commissioner of the city of New York at the same time, —the one by appointment from the governor of the State, the other by appointment from the mayor and aldermen of the said city; both claim a right to discharge the duties of that office by virtue of their respective antagonistic appointments, and both claim the salary allowed by law to the rightful incumbent of that office.

The defendant Flagg is the comptroller of the city, and as such is by law charged with the duty of settling and adjusting all claims against the plaintiffs as a municipal corporation.

The other defendants are appointees of Conover and Devlin, respectively, as street commissioner, under their said respective appointments, claiming to have been duly appointed by the said Conover and Devlin respectively, and to be entitled to the salary or compensation allowed by law to the rightful incumbent of the office, or position, to which they respectively claim to have been so rightfully appointed.

Devlin and his appointees have brought, and are bringing, suits against the plaintiffs for their salaries, and have recovered judgments in the aggregate to a large amount.

An action in the nature of a *quo warranto* has been com-

menced by Devlin against Conover; which is pending, and in which the question of right of appointment and of title will be determined and settled.

Conover and his appointees have not sued for their salaries; but in case, in the *quo warranto* proceedings, he shall finally be declared to have been legally appointed, he and his appointees will be entitled to their salaries.

Conover and Devlin, each claiming to be the street commissioner, have, as such, entered into, and are entering into, contracts with third persons to perform work, to be paid for out of the funds of the city appropriated to defray the expenses of the corporation.

On these facts, the complaint asks for an injunction, restraining the defendants Conover and Devlin, and their said respective appointees, from bringing any suits for their salaries; and their said appointees from further proceeding in any suit commenced by either of them, to recover salaries claimed to be due; and from assigning any such claim, with the intention of having suits brought thereon, during the pendency of action of *quo warranto,* and until the further order of court; and restraining the defendant Flagg, during the same time, from paying any of the defendants for services performed, or alleged to have been performed, and from signing any warrants for salaries earned, or claimed to have been earned, under or by authority of either the said Conover or the said D

The theory and equity of the complaint is that Conover and Devlin, and their respective appointees, claim from the plaintiffs the same salary for the same at the same time, under antagonistic appointments; that the plaintiffs have no pecuniary beneficial interest in the question, other than to pay the salaries to such of the defendants only as have the legal right and title to the offices; that the plaintiffs cannot determine, without hazard to themselves, whether the salaries belong to Conover and his appointees, or to Devlin and his appointees; because they cannot determine to whom the right of appointment to the office of street commissioner belonged—to the governor, or to the mayor and aldermen; that that question will soon be settled judicially in the *quo warranto* proceedings, and when so settled, the plaintiffs are ready and willing to pay the salaries as the right and title to the offices shall be determined.

Although this complaint may not have all the features of a

strict bill of interpleader under the old practice, the fund or money not being brought into court, and the court not being called upon in this action to determine and adjudge between the parties interpleaded, to which of them the offices and salaries belong; yet, as I have said, the case it makes is, I think, clearly within the principle on which bills of the nature of a bill of interpleader have been heretofore allowed. (See Thompson *v.* Ebbets & Welch, 1 *Hopk.*, 272; Mohawk & Hudson Railroad Company *v.* Clute, 4 *Paige*, 384; Atkinson *v.* Manks, 1 *Cow.*, 703.)

The plaintiffs were not bound at their peril to determine which of the two, Conover or Devlin, has the legal right and title to the office. As between Conover and Devlin, that question could not be settled in this action, had the plaintiffs called upon the court to settle it in this action. That question can only be settled in a direct action in the nature of a *quo warranto.*

As it is the question of title to the office, and not the question of right to the fund or salaries, except as depending upon the title to the office—that is to be determined between Conover and Devlin, and is being now litigated in the *quo warranto*—there was no need of the plaintiffs paying, or offering to pay, the fund, or the amount of the salaries, into court.

I think, therefore, as the plaintiffs'.case stands in their complaint, they were entitled to come to this court for protection from the conflicting claims of Conover and Devlin, and of their numerous appointees, to the same salary or compensation, and that Judge Davies was right in granting the injunction on that complaint, duly verified.

But a motion is now made to dissolve that injunction as to the defendants Flagg, Conover, and the appointees of Conover; which motion is founded on the affidavit of Mr. Conover, stating that he had been, as he is advised and believes, duly appointed street commissioner of the city of New York; and that he is now, and has been since the 13th day of June last, in possession of the said office; that, on the 2d day of November last, he was served with a summons and complaint in an action in the nature of a *quo warranto*, brought against him by the people on the relation of Charles Devlin, in which complaint it was alleged, among other things, that he (Conover) was then exercising, and had since the 13th day of June last exercised, the said office of street commissioner.

It is claimed by the counsel for Mr. Conover, who makes this motion, that the allegation in the complaint as to the *quo warranto*, which could only be brought against Conover *as being in the possession of the office,* and Mr. Conover's affidavit, that he is now, and had been since the 13th of June last, in possession of the office, under an appointment which he is advised and believes is valid, show Conover to have been and to be now the street commissioner *de facto ;* that being in the possession of the office, he must execute it; that he cannot execute it without subordinates; that he has therefore a right to appoint them, and their appointment by him is valid against *all persons ;* and that the city, therefore, is liable for their compensation or salaries, without reference to the legality of Conover's appointment, or whether he had or has a legal title and right to the office, or not; that as in an action of *quo warranto,* no injunction can be granted to restrain the defendant from exercising the duties of the office pending the litigation (The People *a.* The Police Commissioners, 4 *Abbotts' Pr. R.*, 333); it follows that Conover's subordinates, appointed by him while in possession of the office, cannot rightfully be restrained from obtaining payment for their services; and therefore that the injunction as to the said appointees or subordinates of Conover should be dissolved, on the ground that he was an *officer de facto when he appointed them ;* and that as to Conover himself it should be dissolved, because *he cannot recover for his salary without proving that he is street commissioner de jure.*

I hardly know what is meant by the allegation that Conover has been *in the possession* of the office since the 13th of June last. It is the duties of an office which constitute the office, and it is the *exercise* of the *duties* or *functions* of office under color of title, and sometimes, if continued and acquiesced in for a length of time, without color, which constitutes an officer *de facto*, as distinguished on the one hand from an officer *de jure,* and on the other from a mere usurper.

But admitting Conover to be, and to have been, when he appointed his subordinates, the street commissioner *de facto*, it is clear that there is no ground for the distinction founded thereon, which the learned counsel takes, between his right and their rights to their several compensations or salaries. Neither Conover nor any one of his appointees can sue for and recover any

salary, without averring, and proving, if denied, that he is an officer *de jure*, duly and legally appointed and qualified to act. Of course, neither Devlin nor any one of his appointees can sue for and recover his salary without the same averment and proof.

The counsel of Mr. Conover appears to be entirely mistaken as to the legal rights and position of an officer *de facto* generally, and hence has been led into an error in the conclusion which he draws from the claimed fact, that Conover was street commissioner *de facto*, when he appointed his subordinates, as to the legal rights and position of his appointees or subordinates.

A public office is defined to be a right to exercise a public employment and trust, and to take the fees and emoluments thereunto belonging. (2 *Blackst. Com.*, 36.)

There is no such thing as an *office de facto*.

The distinction between an officer *de facto*, and a mere usurper has arisen, and is recognized in the law, for the benefit and protection of third persons, and not for the benefit of the officer, who is to be presumed to know whether he has been legally appointed or elected.

An officer *de facto* merely, without the legal right, has himself the benefit of a legal recognition as such, only in suits to which he is not a party. *As to himself*, he is a mere usurper, though an officer *de facto* as to third persons interested in his acts. The rule of law, which makes him an officer *de facto* as to such third persons, confers on him no rights, and absolves him from no responsibility for his affirmative claimed official acts or proceedings. As to himself, such acts and proceedings are a mere nullity. Without right himself, he cannot confer any on others. His appointment of deputies or subordinates, as to himself and them, would be as void as any other colorable official act. It might make them severally officers *de facto* as to third persons, but could give them no better or greater right to institute, as such, any affirmative action or proceeding than he himself had or has, as an officer *de facto*. The right and title of his appointee rests on his own right and title, and neither can recover the salaries or the fees, and emoluments of the office, without proof that he is an officer *de jure*, and duly qualified, and entitled to act. (The People *v.* Collins, 7 *Johns.*, 551; Plymouth *v.* Painter, 17 *Conn.*, 583; Fowler *v.* Bebee, 9

*Mass.*, 231; Gilmore *v.* Hall, 4 *Pick.*, 257; Biddle *v.* The County of Bedford, 7 *Serj. & R.*, 392; Neal *v.* Overseers, 5 *Watts*, 538; *Com. Dig.* Franchise, f. 29; Hippsly *v.* Tucke, 2 *Levins*, 184.)

Now it is in this well-settled legal distinction between the acts of an officer *de facto, as to himself*, and as to *third* persons, and in the limitation to third persons of the rights conferred and the protection afforded by the rule of law recognizing officers *de facto* as distinguished from usurpers, that I find the equity in the plaintiff's case.

If Conover and his appointees, *as officers de facto*, were entitled to the salaries and emoluments of the offices without proof of their legal right and title, then payment of the salaries to them as officers *de facto* would protect the plaintiffs from being called upon and compelled to pay over again to Devlin and his appointees the same salaries, in case Devlin should finally, in the *quo warranto*, be adjudged to have been legally appointed, and to have the legal right to the office and its salary and emoluments.

Although in an action by Conover or Devlin, or either of their appointees, for his salary, the court would have to pass on the legal title and right of the plaintiff in such action to the office and to the salary, for the purposes of that action; yet, as a decision as to the right and title, and a recovery in any number of such actions, would not settle the question of title as between Conover and Devlin, and their respective appointees; and as, notwithstanding the payment of any number of judgments recovered by Conover and his appointees, the plaintiffs would be obliged to pay over again the same salaries to Devlin and his appointees, if it should be decided in the *quo warranto* that Devlin was legally appointed; it would be most extraordinary if I should hold that the plaintiffs must themselves determine the constitutional and legal question between them, and pay the salaries to one of them, and his appointees, at their peril.

As to Mr. Flagg, Conover and his appointees might be looked upon by him as officers *de facto*, and as he might pay them as such, without reference to the question of title, the injunction ought also to be retained as to him.

The motion to dissolve the injunction must be denied, with ten dollars costs.