Boardman, J.
I think there can be no doubt that in actions
to oust persons exercising the duties .of public offices under a ■ claim of right, a temporary injunction restraining them from exercising the duties of the office pending the litigation will not be granted (The People ex rel. Wood v. Draper, 4 Abb. Pr., 333; Tappan v. Gray, 9 Paige, 507; affirmed, 7 Hill, 259; Howe v. Deuell, 43 Barb., 504). I have looked in vain for a single case recognizing such a right. The reasons for refusing an injunction in such cases are clear and powerful. The exercise of the duties of offices are necessities to the public welfare. Unless the- officer defacto is permitted to discharge the duties, they can not be discharged until the end of the litigation, and the legal title is determined. This in many instances might involve a long time, and the public might suffer serious injury, loss, and inconvenience. In frequent cases it might block the wheels of state, while the petty inquiry was being investigated, whether one or the other of two persons was the legal incumbent, entitled to exercise the duties of the office, and receive the pay therefor. The controversy is essentially personal, in which view the public have no care. The people by their laws require that certain duties essential to the well-being of the *291 State or community shall be exercised by individuals as officers or agents. The body politic is too unwieldy to act, and the power is delegated under rules, restrictions, and penalties that the essential duties may be performed under responsible, official sanction. Under these circumstances it has been deemed better that an officer defacto should discharge the duties of an office, rather than they should not be discharged at all (Thompson v. Commissioners of Canal Fund, 2 Abb. Pr., 248; Tappan v. Gray, supra; The Mayor, &c. v. Flagg, 6 Abb. Pr., 296, 301; Hartt v. Harvey, 32 Barb.., 55; The Mayor, &c., v. Conover, 5 Abb. Pr., 171, 179,180; Lewis v. Oliver, 4 Id., 121,126).
If the defendants are public officers within the meaning of the foregoing cases, the injunction should be dissolved beyond any doubt. Even though they be not public officers, the same reasons apply in a lesser degree, why they should not be restrained from discharging the duties of an office which they, in fact, hold, and no one else is authorized to hold in their place or stead. I think the rule applicable to public officers, and to officers of corporations, is the same, and in neither case will courts exercise their equitable power by inj unction in a legal action practically to oust an incumbent from his office, during the pendency of the litigation brought to determine that very question.
For this reason I am disposed to grant the motion to dissolve this injunction. I take this position with reluctance, since it has not been presented or anticipated in the briefs of counsel with which I have been furnished.
It will not be improper to say, moreover, without giving my reasons, that I have come to the same conclusions upon. the merits, that the injunction should be dissolved.
Motion to dissolve injunction granted, with ten dollars costs to defendants.