HENRY D. WINANS, Appellant, *against* JAMES M. JAQUES, Respondent.

(Decided April 3d, 1882.)

A broker employed to sell real estate, whose action is in fact the procuring cause of its sale, is entitled to his commission therefor from the vendor, although another broker, upon information derived from the intending purchaser, negotiates a contract of sale from the defendant to a representative of such purchaser, to whom afterwards such contract is assigned and a deed executed, and although such other broker thereupon claims and receives his commissions upon the sale from the vendor, who pays the same in ignorance of the facts, but without making any inquiry.

APPEAL from a judgment of the general term of the Marine Court of the City of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a new trial.

One Vernon K. Stevenson, jr., who was a real estate broker, was employed by the defendant to sell certain premises in the City of New York. The premises were advertised and offered for sale by Mr. Stevenson to various parties. In December, 1879, one Mrs. Gill called at the office of Mr. Stevenson to make inquiry in respect to houses, she desiring to purchase a residence, and stating that she wanted one on the Fifth Avenue. One of the assistants of Mr. Stevenson called her attention to the house of the defendant and gave her a permit to examine the same, and Mrs. Gill examined the premises in pursuance of that permit and told her husband of the property. Her husband then called the attention of a Mr. Griswold, who was a real estate broker, to the property, and gave him the information that a Mr. Sewell desired to purchase the house. Mr. Griswold called upon the defendant and negotiated a purchase between Mr. Sewell and Mr. Jaques, in pursuance of which a contract was signed. The purchase by Mr. Sewell was made on behalf of Mrs. Gill, whose attention to the house had first been called by the assistant of Mr. Stevenson, and

when the deed was delivered the defendant deeded the premises to Mrs. Gill. When the defendant found that the conveyance was to be made to Mrs. Gill he suggested that some claim might be made for commissions by another broker, and objected to the conveyance to Mrs. Gill, but being assured that no claim could be made, and that the law required him to make the deed to the assignee of the contract, he conveyed the premises to Mrs. Gill. Mr. Stevenson having made an assignment of his claim for commissions in this case to the plaintiff Mr. Winans, this action was brought. The case was submitted to the jury, who found a verdict for the defendant. A motion by the plaintiff for a new trial was denied, and judgment entered on the verdict. From the judgment and the order denying his motion for a new trial, the plaintiff appealed to the general term of the Marine Court, which affirmed both; and from the judgment of affirmance the plaintiff appealed to this court.

*A. C. Fransioli*, for appellant.

*R. H. Huntley*, for respondent.

VAN BRUNT, P. J.—[After stating the facts as above.]— That the knowledge of the existence of the house in question came to Mr. Sewell through the agency of Mr. Stevenson, the foregoing statement of facts seems clearly to indicate : that at the time of the conveyance the defendant in this action supposed that some claim for commissions might exist in favor of Mr. Stevenson seems also to be established. But it is claimed upon the part of the defendant that at the time that he signed the contract with Mr. Sewell he was ignorant of the fact that Mr. Sewell was acting as the attorney of Mrs. Gill, and he was also ignorant of that fact at the time when he paid the broker Griswold his commission.

But I fail to see how that can relieve the defendant Jaques from liability upon the facts as proven upon the trial of this cause, as it is evident that the communication which was made to Mrs. Gill, who was the real purchaser in this case, by the assistant of Mr. Stevenson, was the procuring cause of the sale.

Mrs. Gill examines the house, she tells her husband, her husband tells Mr. Griswold that this house is for sale and that Mr. Sewell, who turns out to be Mrs. Gill's attorney, desires to purchase it, and Mr. Griswold then succeeds in getting the defendant to make a contract for the purchase of the house with Mr. Sewell. It seems from that evidence that the direct agency of Mr. Stevenson's assistant in procuring the sale is established, and it would appear as though it was a scheme upon the part of Mr. Gill to defraud Mr. Stevenson out of his commission, and enable his friend Mr. Griswold to make such commission.

It may be unfortunate that the defendant in this action has been victimized by such a scheme, but that misfortune cannot deprive the plaintiff in this action of his right to recover. The defendant in this action knew at the time that he made this sale that persons from Mr. Stevenson's office had come to examine that house, and if he wanted to protect himself against any possible claim for commission he should have simply asked Mr. Stevenson whether he had any claim, before he so readily paid Mr. Griswold his claim, and I know of no other way in which an owner who places his property in the hands of different real estate brokers, or allows different real estate brokers to intervene, can protect himself from such conflicting claims.

Under the circumstances of this case, therefore, it would appear that Mr. Stevenson showed an employment to sell, and that he was the procuring cause of the sale, and therefore entitled to his commissions.

The judgment must therefore be reversed and a new trial ordered, with costs to abide the event.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.