JOHN GILLEN, Respondent, *against* LEOPOLD WISE *et al.*, Appellants.

(Decided April 2d, 1888.)

In an action to recover commissions for procuring an exchange of real property, it appeared from plaintiff's evidence that plaintiff's assignor was employed by defendants to procure city property in exchange for their property; that he referred them to certain houses, and they promised him a certain sum if they should make the exchange; that

Gillen *v.* Wise.

he informed them of the name of the owner and agent, whereupon they conducted the exchange through the latter, and ignored plaintiff's assignor. The court instructed the jury that "notwithstanding the defendants employed the plaintiff's assignor, as admitted by them, yet they had the right to employ another broker also, to procure a sale or an exchange of the . . . property, and if such sale or exchange was brought about by the services of another broker employed by them, and not by the plaintiff's assignor, the defendants are entitled to a verdict." *Held,* that a verdict in favor of plaintiff should not be set aside, there being sufficient evidence to support it.

APPEAL by defendants from a judgment and order of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The action was brought by the assignee of Peter C. Anthony to recover $500 upon a special agreement for services rendered in procuring an exchange of defendants' property in Elizabeth, N. J., for two houses on West 56th Street in the city of New York, owned by Charles Riley. The answer admitted the employment of Anthony as broker to procure a purchaser or customer upon terms satisfactory to defendants and an agreement to compensate him therefor, but denied that he procured a purchaser, and alleged in substance that one Robert Auld as broker introduced Riley as a proposed purchaser to defendants and conducted and took part in negotiations between defendants and Riley which resulted in the exchange.

*John H. V. Arnold,* for appellants.

*P. & D. Mitchell,* for respondents.

J. F. DALY, J. — Anthony, the plaintiff's assignor, had the defendants' Elizabeth, N. J., property in his hands for exchange for several years prior to April, 1886. In that month he went to defendants, gave them a full description of four houses, Nos. 346, 348, 350, and 352 West 56th Street, which they promised to look at with a view to an exchange for their property, they promising at the same

time to pay him $500 commission, if they made the ex-change. He called on defendants two or three times during April, and up to the time that a report of the sale of the two easterly houses of the four above mentioned appeared in the "Real Estate Record" on or about May 1st. When this report appeared, he called on defendants and told them of the sale of two of the houses and offered to introduce them to the owner, Mr. Riley, and told them if they wanted the other two they must make haste. He called two or three times in May, and finally asked defendants to notify him by letter when they had seen the property. This they promised to do. He also told them that if they could not satisfy themselves about the rents of the houses, they could call on Mr. Auld, who was agent for letting them. Thomas and Robert Auld were brokers with whom defendants had also placed their Elizabeth property for sale or exchange. In June, the defendant Charles Wise told his brother, the other defendant, Leopold Wise (with whom Anthony had had all the interviews and agreements above mentioned), that Thomas Auld had given him a memorandum of some property in 56th Street, which he had looked at and which he wanted his brother to see. Leopold Wise went up and looked at it, it being the same property that Anthony had mentioned, and then went immediately to the Aulds' office to get details as to the rental; having procured them from Robert Auld, he invited him to call down at his office and talk the matter over. Next day Robert Auld called and told the defendants the price asked for the two houses, to wit, $100,000. Leopold offered to give it in this manner: $20,000 cash, the Elizabeth property for $30,000 subject to $7,000 mortgage, and to take the 56th Street property sub-ject to a mortgage of $54,000. Auld went away and re-turned next day, saying that Riley must have more money. Leopold then offered to lend $5,000 on the Elizabeth house. Auld went back with the proposition and returned next day with a request from Riley to make the cash $21,000. Leopold increased his offer $500, and Auld came back with an acceptance. The contract was immediately drawn.

This evidence shows that Anthony first introduced the 56th Street property to the notice of defendants and gave them the name of the purchaser; that they concluded to take the property; but instead of conducting the negotiations through Anthony, undertook them themselves with the assistance of the Aulds. Anthony was undoubtedly the procuring cause of the sale or exchange and was entitled to the stipulated commission. It is true that the defendant Leopold denied the interviews and agreements sworn to by Anthony, but the jury found in favor of the latter. There is no question of law in the case that has not been repeatedly passed upon. Anthony is employed by defendants to procure city property in exchange for theirs; he refers them to certain houses and lots, and they promise him that if they exchange for them, they will pay him $500 agreed upon for his compensation; he tells them the name of the owner and of the agent of the houses, and they conduct their negotiations for the exchange through the latter, ignoring Anthony. These are the facts established by the verdict, and there can be no disturbance of that verdict in plaintiff's favor upon these facts (*Smith* v. *McGovern*, 65 N. Y. 574; *Lloyd* v. *Matthews*, 51 N. Y. 124; *Winans* v. *Jaques*, 10 Daly 487; *Wyckoff* v. *Bliss*, 12 Daly 324).

The judgment and order should be affirmed, with costs.

VAN HOESEN, J. — At the request of the counsel for the defendant, the court told the jury that "notwithstanding the defendants employed the plaintiff's assignor, as admitted by them, yet they had the right to employ another broker also, to procure a sale or an exchange of the Elizabeth property, and if such sale or exchange was brought about by the services of another broker employed by them, and not by the plaintiff's assignor, the defendants are entitled to a verdict."

This instruction, which is a correct statement of the law, left the whole case to the jury in a fair and intelligible way; and though the evidence to support the verdict is slight, it cannot be said that there is only a scintilla. It may be, as

the defendants swore, that the plaintiff's assignor never mentioned to them the 56th Street property, but we cannot pass upon questions of credibility. We are not in a position to disturb a verdict where the instructions are correct, and where a *prima facie* case is made out by the prevailing party.

I concur in affirming the judgment.

Judgment and order affirmed, with costs.