## DARDONVILLE v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

INTERPLEADER (§ 11*)—ADVERSE CLAIMANTS TO BROKERAGE COMMISSION.

Adverse claimants to a brokerage commission on a sale of realty may be interpleaded by the vendor, who is unable to determine which one effected the sale and is entitled to the commission.

[Ed. Note.—For other cases, see Interpleader, Dec. Dig. § 11.*]

Appeal from Special Term, Nassau County.

Action by Ray A. Dardonville against Nathaniel T. Smith and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Arthur Furber, for appellant.

James M. Seaman, for respondents Smith & Verity.

R. McC. Robinson, for respondent Powell.

RICH, J. The plaintiff employed the firm of Smith & Verity and the defendant Mae E. Powell, under separate agreements, to sell a piece of real property, agreeing with each that, if they procured a purchaser, she would pay a commission of 2½ per centum of the purchase price for their services. Thereafter plaintiff sold her property to one Rosanna Norman for $2,000. Smith & Verity and their codefendant each claim to have procured the purchaser, and to be solely entitled to said commission, and the plaintiff, being unable to determine to which of the claimants she was indebted, paid neither. Smith & Verity thereupon commenced an action in justice's court to recover under their contract, and the plaintiff thereupon commenced this action of interpleader against both claimants, demanding that they be severally restrained by injunction from proceeding against her in severalty, that she be authorized to pay the money into court, and that, upon such payment being made, they be required to interplead and litigate their alleged rights, and she be discharged from liability to either. The defendants answered severally; each admitting the alleged contract with them, denying the alleged contract with the other, and averring full performance of their respective contracts and their sole right to said commission. Smith & Verity demanded a dismissal of the complaint, and Powell an affirmative judgment for $50 and costs. The issues coming on to be tried at Special Term, counsel for the plaintiff opened his case, after which the learned court held that the action could not be maintained, and dismissed the complaint.

The complaint presents all the facts necessary to maintain the action. Dorn v. Fox, 61 N. Y. 264; Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991. The right to interplead adverse claimants to a brokerage commission on the sale of realty is upheld in Trembley v. Marshall, 118 App. Div. 839, 103 N. Y. Supp. 680. The case at bar presents a single sale of real property, with two brokers claiming the

right to the commission. One only could have procured the purchaser and been the procuring cause of the sale. The contracts, although separate, were for the same service, and the transaction is not an unusual one. The plaintiff is liable only to the one who procured the purchaser to whom she sold, but, being unable to determine between them, unwilling to assume the risk of so doing, and having been sued by one in a court without jurisdiction to accord the right of interpleader, brought this action that she might, by the payment of the money into court, be relieved from further liability. These facts, if established, entitled the plaintiff to the relief sought.

The learned Special Term is shown by the record to have dismissed the complaint upon the sole ground that the agreements upon which the defendants base their rights to commissions were separate and independent, and that, as matter of law, an action of interpleader could not be maintained. While this was unquestionably the rule as laid down by the early authorities, it has of later years been modified in many cases, and wholly ignored in others, as is pointed out in Crane v. McDonald, supra, and at the present time we do not regard it as controlling in this state. As Mr. Pomeroy well says in his Equity Jurisprudence (section 1324, note):

"It is a manifest imperfection of the equity jurisdiction that it should be so limited. A person may be, and is, exposed to danger, vexation, and loss from conflicting independent claims to the same thing, as well as from claims which are dependent; and there is certainly nothing in the nature of the remedy which need prevent it from being extended to both classes of demands."

See, also, Dorn v. Fox and Crane v. McDonald, supra; Mohawk & Hudson R. R. Co. v. Clute, 4 Paige, 384; Redfield v. Genesee Co. Supervisor, 1 Clarke, Ch. 42; Mayor v. Flagg, 6 Abb. Prac. 296.

The judgment must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.