SIMON H. MYERS and WINFIELD S. LEFLER, Appellants, *v.* KATHERINE BATCHELLER, Respondent.

VAN VOAST AND LEONARD, INCORPORATED, Appellant.

Third Department, March 7, 1917.

Principal and agent — action by two real estate brokers for commissions on sale of same property — interpleader — right of owner to terminate broker's contract — right of owner to sell independently of broker or to employ another broker — commissions where two brokers have each contributed to effecting a sale.

Where two real estate brokers have been employed under separate agreements and have both commenced separate actions to recover commissions for the sale of the same property, they may be interpleaded to litigate the issues between themselves in the first action.

A person having employed one broker cannot improperly and contrary to the terms of his contract terminate the same or take the sale out of the hands of such broker.

The ordinary broker's contract, unless such broker has the exclusive agency to sell, does not prevent the owner from selling the property himself by his own exertions, independently of the broker or of employing another broker to accomplish the same result.

Where two brokers have each contributed something to the consummation of the sale of real estate, that one only is entitled to a commission whose services were the predominating, efficient cause of bringing about the sale, unless there is a special contract giving more than one broker the right to a commission.

APPEAL by the plaintiffs, Simon H. Myers and another, and by Van Voast and Leonard, Incorporated, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Saratoga on the 8th day of December, 1916, granting respondent's motion to interplead the appellant, Van Voast and Leonard, Incorporated, as a party defendant.

*Leary & Fullerton* [*Edward H. Gilhouse* of counsel], for the plaintiffs, appellants.

*Butler, Kilmer & Corbin* [*Walter P. Butler* and *Harold H. Corbin* of counsel], for the appellant, Van Voast and Leonard, Incorporated.

*Charles C. Lester,* for the respondent.

COCHRANE, J.:

The plaintiffs bring this action for commissions on the sale of real estate by the defendant, claiming to have procured the purchaser and to have effected such sale. After the commencement of the action Van Voast and Leonard, Incorporated, instituted an action against the defendant to recover the same commissions on the sale of the same property, alleging in its complaint that it "performed certain services for the defendant in effecting the sale of her real estate." If there is any ambiguity in the meaning of this allegation the affidavits used on the motion make the purpose of each action entirely plain. Van Voast and Leonard, Incorporated, submitted an affidavit on the motion in which it set forth the terms of its

agreement with defendant and its claim as follows: "That in the fore part of September, 1916, deponent representing said Van Voast and Leonard, Incorporated, introduced himself to the defendant, and, among other things, asked her if she would allow him to negotiate the sale of her property, No. 20 Circular Street in Saratoga Springs, N. Y., at the usual commissions, to which she replied in the affirmative. That the defendant stated to deponent that she had already talked with Mr. Myers regarding the sale of the property and that she might have to pay a commission to Myers also; that deponent told her that it would depend entirely upon what Mr. Myers had done, and what her agreement was with him; that the defendant replied, in substance, that she was so anxious to sell that she wished deponent would go ahead and bring about the sale as speedily as possible. That thereupon the deponent brought the parties together, showed the property, conducted the negotiations, and brought about the sale; that at all times the defendant was cognizant of deponent's acts, and confirmed them." There is no room for controversy as to the nature of the contract constituting the basis of both actions. The pleadings and affidavits used on the motion con-clusively establish that in both actions a claim is being made for having accomplished the same result, viz., procuring the purchaser and effecting the sale of the same real estate and having consequently earned the same commission on such sale. Manifestly the claim in both actions should not prevail and the real controversy is between rival claimants for the same commissions. The defendant admits her liability to one of the rival claimants, but not knowing which claim should prevail offers to pay the money into court and asks that Van Voast and Leonard, Incorporated, the plaintiff in the other action, be interpleaded as a defendant herein in order that the two claimants may as between themselves have it determined which is entitled to the commissions which she admits she owes to either one or the other. Such an order of interpleader has been made, and from it the present appeal has been taken.

Whatever the rule may have been formerly, the most recent authorities are to the effect that where two brokers have been

employed under separate agreements, as is the case here, and both claim the same commissions, the rival claimants may be interpleaded to litigate the issues between themselves. (*Dardonville* v. *Smith,* 133 App. Div. 234; *Trembley* v. *Marshall,* 118 id. 839.)

The defendant of course could contract in such a way as to make herself liable to both brokers, but there is no suggestion in the papers before us that she has done so. Separate contracts were made, but each was the usual contract in such cases whereby the broker simply undertook to procure a purchaser and effect a sale, and only on doing so does the right to commissions arise. The transaction is a very common one, and as said in *Dardonville* v. *Smith* (*supra*): " One only could have procured the purchaser and been the procuring cause of the sale." If there was anything in either one of the contracts of an unusual nature or such as to give both claimants a right to commissions it was incumbent on them to show such fact. But it is impossible to spell out of the affidavits or to surmise anything which lends color to the claim that both of these rival brokers can recover separate commissions. The fact that the defendant intimated the possibility of a double liability is of no consequence. Such liability cannot be predicated on her ignorance of the law.

It is also true that a person having employed one broker cannot improperly and contrary to the terms of his contract terminate the same or take the sale out of the hands of such broker. But in this case there is no claim of that kind against the defendant. That would be a cause of action for a breach of contract and the complaint should have alleged a broken contract against the defendant, whereas the complaint in both actions against her alleges a cause of action for consummating and completing the contract which in each action it is alleged was made with the defendant and carried through to a successful sale of the property. It is to be observed, however, that the ordinary broker's contract, unless such broker has the exclusive agency to sell, does not prevent the owner from selling the property himself by his own exertions independently of the broker or of employing another broker to accomplish the same result. (*Wylie* v. *Marine National Bank,* 61 N. Y.

415; *McClave* v. *Paine*, 49 id. 561; *Briggs* v. *Rowe*, 4 Keyes, 424.)

The principal contention of the appellants, as I gather it, is that the activities and efforts of both claimants may have contributed to the sale, and that if without the efforts of either claimant the sale would not have been effected such claimant is entitled to commissions, and that on such theory both claimants having contributed to the result may recover commissions. Such contention is based on a misconception of the law. The ordinary brokerage contract for the sale of real estate is in a certain sense *sui generis*. Where such brokers have each contributed something to the consummation of a sale of real estate that one only is entitled to a commission whose services were the predominating efficient cause of bringing about the sale, unless there is a special contract giving more than one broker the right to a commission. (19 Cyc. 260; 4 Am. & Eng. Ency. of Law [2d ed.], 983; *Smith* v. *McGovern*, 65 N. Y. 574; *Sussdorff* v. *Schmidt*, 55 id. 319; *McCloskey* v. *Thompson*, 26 Misc. Rep. 735; *Winans* v. *Jaques*, 10 Daly, 487; *Dardonville* v. *Smith*, 133 App. Div. 234.)

A very clear and comprehensive exposition of the law, which seems to be a complete answer to the contention of the appellants, is found in the case of *Whitcomb* v. *Bacon* (170 Mass. 479), as follows: " Where several brokers have each endeavored to bring about a sale which finally is consummated, it may happen that each has contributed something without which the result would not have been reached. One may have found the customer who otherwise would not have been found, and yet the customer may refuse to conclude the bargain through his agency; and another broker may succeed where the first has failed. In such a case, in the absence of any express contract, that one only is entitled to a commission who can show that his services were the really effective means of bringing about the sale, or, to use the language of Phillips, the predominating efficient cause. The instructions of the learned judge to the jury laid special stress on the inquiry whether the sale would have been made but for the efforts of the plaintiffs. * * * This rule, as it seems to us, would allow two brokers to recover commissions upon the same sale. There might be

another broker whose services were equally meritorious and essential in producing the result. But in such a case it is not enough to show that one of several causes stood in such a relation to the result that without it the result would not have happened, and that it was one cause, among others which assisted or contributed in producing it. It becomes necessary to make a discrimination between the causes, and to ascertain which is the particular cause which can be called the efficient or effective one."

Inasmuch as under the facts disclosed there should be but one recovery against the defendant, it is entirely obvious that she should not be placed in jeopardy of a double recovery. Such a result would be unseemly in the administration of the law and shocking to our sense of justice. But such a result is quite possible unless this order of interpleader is sustained.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.