LEWIS B. PRESTON, INC., Appellant, *v.* HYLAND P. RICE and OLIVER B. HILL, Comprising the Firm of RICE & HILL, and Others, Respondents.

First Department, January 10, 1919.

Principal and agent — controversy between two brokers as to right to commissions for procuring lease — effect of consent to deposit of commissions with lessee to await determination of rights thereto — authority of court to distribute fund — evidence as to procuring lease.

Where in a controversy between two brokers, the plaintiff claims to have been the producing cause of a lease between the lessor and lessee and the defendants claim to have been a contributing factor thereto and thus entitled to a part of the commissions, and the lessor by consent of both brokers deposited the commission money with the lessee to await the determination of the rights of the parties, neither party by such deposit surrendered any rights in the fund and those rights must be determined as in an action brought against the lessor in which the defendants have been interpleaded. In other words, the plaintiff, it being established that it was the producing cause of the lease, is entitled to the full amount of the fund on deposit. The court has no power, under such circumstances, to distribute the fund among the brokers substantially contributing to the success of the deal.

APPEAL by the plaintiff, Lewis B. Preston, Inc., from a final judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 15th day of June, 1918, in so far as· it fails to award to plaintiff the entire fund of $1,470, deposited in court in this action, but directs an equal division thereof between the plaintiff and the defendants Rice and Hill, and in so far as said judgment fails to direct payment by the defendants Rice and Hill of plaintiff's counsel fee and expenses of this action.

The judgment was rendered upon the decision of the court after a trial at the New York Special Term.

*Edward F. Clark* of counsel [*Roger Hinds* with him on the brief], for the appellant.

*William D. Gaillard* of counsel [*Holt, Warner & Gaillard,* attorneys], for the respondents Rice and Hill.

SMITH, J.:

This is a controversy between two brokers. The plaintiff claims to have been the producing cause of a lease between the lessor and lessee. The defendants claim to have been a contributing factor thereto and thus to be entitled to a part of the commissions. The lessor, by consent of both brokers, deposited the commission money with the lessee and it has since been deposited in court subject to the directions of this judgment.

The respondents' counsel conceded in the argument that if this action had been brought against the lessor for commissions, and the defendants claiming an interest therein had been interpleaded, the court would be without power to divide the fund, but must give the fund to one or the other, which ever one might be found to have been the effective cause of the closing of the transaction. It is claimed, however, inasmuch as by consent of the parties these moneys were put into a fund, that equity has the power to give judgment that it would not have in an action brought as before specified, and has the power to distribute the fund among the brokers substantially contributing to the success of the deal. To this

proposition I cannot agree. If plaintiff had brought this action against the lessor and the defendants Rice and Hill had been interpleaded, the action then would be in equity to reach a fund which would be deposited in court, precisely as in this case. By agreeing to the deposit of this fund with the lessee to await the determination of the rights of the parties, neither party surrendered any rights which it might have in the fund, and those rights must be determined as in an action brought against the lessor, in which the defendants have been interpleaded.

That the commissions belong only to one of these claimants would seem also to be established in the cases of *Dardonville* v. *Smith* (133 App. Div. 234) and *Myers* v. *Batcheller* (177 id. 47) and cases there cited.

Upon the question of fact as to which party was the producing cause of this lease, a review of the evidence leaves the mind in no doubt. Prior to the time the plaintiff came into the case the defendants had endeavored to negotiate this same lease between these same parties and it failed. Thereafter the plaintiff undertook the matter, brought the parties together and brought them to an agreement upon the terms of the lease and was, therefore, the producing cause of this lease. The plaintiff was told both by the lessor and the lessee during the negotiations of the possible claims of the defendants Rice and Hill and was told that he must take care of them, but this appears to have been simply for the purpose of protecting the lessor and the lessee from possible claims for commissions from both brokers.

The trial court has found that no agreement was made between the plaintiff and the defendants Rice and Hill as to a division of these commissions. Upon the question as to which party was the producing cause, the court has found that the defendants were instrumental in bringing the parties to an agreement, both upon the terms of payment of the said lease and the security to be given by the tenant in respect to a contemplated partial demolition of the building. Upon the question as to the terms of payment, that was a minor matter in which there was no controversy. As to the giving of the bond to provide in case of demolition of the building, no such provision is found in the lease, so that this finding of fact

would seem to be insufficient to authorize the giving of any part of this commission to the defendants.

The judgment should, therefore, be modified so as to give to the plaintiff the full amount of the fund on deposit, with costs to the appellant. The eighth and eleventh findings of fact are reversed.

DOWLING, LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment modified as indicated in opinion and as modified affirmed, with costs to appellant. Order to be settled on notice.