WILLIAMS v. PARKER

(123 S. E., 826)

1. INTERPLEADER—TWO BROKERS CLAIMING TO BE PROCURING CAUSE OF SALE, IDENTITY OF DEMANDS EXISTS.—Where sole question raised by pleadings was which of two brokers whom owner of realty sought to interplead was procuring cause of sale, there was identity of demands, within Code Civ. Proc. 1922, § 365.

2. INTERPLEADER—CONTENTION OF LACK OF PRIVITY HELD NOT TO DEFEAT INTERPLEADER.—Under Code Civ. Proc. 1922, § 365, owner of property sold *held* entitled to interplead rival brokers claiming commissions, notwithstanding contention of lack of privity; there being liability on his part for only one commission.

Before TOWNSEND, J., Greenville, November, 1923. Affirmed.

Action by J. Hudson Williams against Thomas F. Parker. From an order substituting C. B. Martin as defendant and discharging the original defendant on payment of a stated sum, plaintiff appeals.

*Messrs. Bonham, Price & Poag,* for appellant, cite: *Error to permit defendant to interplead and be dismissed upon making deposit:* 152 U. S., 465. *Broker entitled to commissions if he has been a procuring cause of the sale:* 80 S. C., 346; 94 S. C., 409.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *Agent making sale entitled to commissions:* 103 S. C., 417; 112 S. E., 39; 33 N. J. L., 247; 27 L. R. A. (N. S.), 195;

Note: On effect of right to interpleader sought by one who has contract with one of parties defining his rights or obligations with respect to the subject matter, see note in 10 L. R. A. (N. S.), 748.

239 S. E., 350; 139 A. S. R., 220; 23 L. R. A. (N.. S.), 164; Ann. Cas., 1916-B, 974. *Proper case for interpleader:* Pom. Eq. Juris. 4th Ed., 1322; Code Procedure, 1922, Sec. 365; 33 C. J., 435; 10 L. R. A. (N. S.), 748; 91 A. S. R., 600.

August 5, 1924.

·The opinion of the Court was delivered by Mr. Justice Marion.

Action by a real estate broker to recover the sum of $318.75, alleged to be due him as commissions for the sale of certain real estate. The material allegations of the complaint are, in substance, as follows:

(1) That the defendant, Thos. F. Parker, the owner of a certain lot of real estate in Greenville, authorized the. plaintiff, Williams, to sell this lot at a certain price; that plaintiff accepted this authority and set to work to find a purchaser; that he interested Dr. A. White, who under his directions inspected the property; and that plaintiff had practically sold the property to this customer and had informed the defendant, Parker, of that fact (2) That thereafter, without notice to the plaintiff, the defendant, Parker, contracted to sell said lot to Dr. White through C. B. Martin, another real estate dealer, who falsely represented to Dr. White that plaintiff had nothing to do with the property. (3) That, "under the agreement with the defendant, plaintiff was to receive 5 per cent. commission for the sale of said property; that, at the price Dr. White has agreed to pay for the property, plaintiff's commission amounts to $318.75; that plaintiff is informed and believes that the trade has been completed, and that the defendant is about to pay to·the said C. B. Martin the commission which plaintiff earned and is justly entitled to from every standpoint of good morals, law, and equity; that plaintiff's services brought the customer to the defendant, and plaintiff is entitled to said sum of money,

which he has demanded of the defendant, but which the defendant declined to pay."

Before time for answering expired, the defendant, Parker, served notice upon the plaintiff and C. B. Martin that he would apply to the Court for an order substituting said C. B. Martin as defendant, etc. In an affidavit filed with the notice he alleged that the plaintiff, Williams, had no exclusive agency to sell the property; that the property was actually sold to Dr. White through C. B. Martin; that both the plaintiff and C. B. Martin claim to have secured Dr. White as a purchaser, that he is indebted in the sum of $318.75 on account of the commissions for the sale of the property, but cannot safely determine to which of said claimants the amount should be paid; that the claims of said parties have been made without collusion of defendant with either of them; that he has no interest in the sum claimed, except to pay to the person rightfully entitled thereto; that he is ready to deposit the amount claimed with the Court, or to pay as directed upon being discharged from liability to either claimant.

C. B. Martin filed an affidavit, which was to the effect that the lot in question was sold by him to Dr. White, and that he did not know that the plaintiff, Williams, had ever spoken to Dr. White about the lot until after the transaction of sale had been completed and closed. The plaintiff filed an affidavit, which merely reiterated the allegation of the complaint to the effect that plaintiffs efforts were the procuring cause of the sale to Dr. White. Judge Townsend passed an order substituting C. B. Martin as defendant, and discharging the original defendant, Parker, upon payment by him into the Clerk's hands of the sum of $318.75, "from liability on account of this action" to either the plaintiff or C. B. Martin. From that order the plaintiff, Williams, appeals.

The order of substitution was sought and granted under

the following provisions of Section 365, Code Civ. Proc. 1922:

"A defendant against whom an action is pending upon a contract, or for specific, real, or personal property, may, at any time before answer, upon affidavit that a person not a party to the action, and without collusion by him, makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the Court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in Court the amount of the debt, or delivering the property, or its value, to such person as the Court may direct; and the Court may, in its discretion, make the order."

The contention embraced within appellant's exceptions are, substantially: (1) That the debt due to the plaintiff is not the "same debt" for which Martin makes demand against the defendant, Parker, in that the amount claimed by plaintiff is due upon a distinct and independent liability, arising out of a separate contract between the plaintiff and Parker, to which Martin was not a party, and that plaintiff is entitled to recover against Parker regardless of Parker's liability to Martin for the same or a similar amount of commissions; and (2) that there is no such privity of estate, title, or contract between all the parties as will support an order of interpleader. The foregoing points will be considered in order.

*As to the identity of the demands:* We are of the opinion that upon the facts set out in the complaint and in the affidavits the Circuit Judge correctly held that the plaintiff, Williams, and C. B. Martin were making demands upon the defendant, Parker, for the "same debt or property" within the contemplation of the statute. The plaintiff's cause of action, clearly and definitely set forth in his complaint, is predicated upon the single issue of fact that he was the procuring cause of the sale of a certain lot to Dr. White. There is no suggestion of a right to recover the

sum claimed upon any theory that the defendant, Parker, had breached an exclusive contract of agency with the plaintiff, or that he had become liable in tort to the plaintiff for breach of any duty of neutrality owed the plaintiff as a competitive broker. See *Hutson v. Stone,* 119 S. C., 259; 112 S. E., 39. The sole question for determination, as disclosed by the complaint and the affidavits was which of the two parties, whom the defendant sought to have interpleaded, had procured a purchaser. The defendant admitted, in substance, that he owed one or the other the identical sum claimed by both, by virtue of one sale to the same person. The facts averred in the complaint and the affidavits, as to which there is no material conflict, made of the defendant, Parker, practically a stakeholder, owing but one debt to one of two parties, which debt he could not safely pay to either without the hazard of having to pay it twice; and the question as to which was the rightful claimant, depending, as we have seen, upon the determination of the single issue of fact as to who had procured the purchaser, was one in which Parker had no interest whatever. That was the issue made by the plaintiff himself in the action brought. It was the single issue of fact involved in the demand made by the claimant, C. B. Martin. In that situation, it would seem clear the defendant, Parker, owed but a single debt. No question of double liability could arise under the allegations of the complaint, and consequently the object of the defendant's application for interpleader under the statute was against the danger of a "double vexation for a single liability"—the danger, unquestionably, against which the statute was designed to afford the protection of a summary remedy. The foregoing observations are largely adapted from the opinion of Judge Beck in *Little & Green v. Davis,* 140 Ga., 212; 78 S. E., 842; 843, in which case, upon facts substantially identical with those of the case at bar, the right to interplead was upheld. We are therefore of the opinion that, for the purposes of the order of substitution or inter-

pleader contemplated by the statute, the subject-matter of the two claims against Parker was identical.

*As to privity:* It is true that the right of a vendor 2 to require two real estate agents to interplead as to which of them is entitled to commissions for effecting the sale of a piece of real estate, each claiming to have made the sale, has been denied in a number of cases in other jurisdictions, upon the ground, apparently, that there is no privity between the parties. *Maxwell v. Frasier,* 52 Or., 183; 96 Pac., 548; 18 L. R. A. (N. S.), 102; 104, and cases there cited. *Altion v. Merritt,* 145 Minn., 426; 174 N. W., 770. But, while there can be no doubt that the early authorities were exacting in requiring privity of same sort as an essential requisite to equitable relief by bill of interpleader, and that the statutory remedy, as a substitute for the equitable remedy, in the kinds of action to which it applies, is governed by the same general rules (*Brock v. Railway Co.,* 44 S. C., 444; 451), in modern practice the scope of interpleading has generally been broadened and the rules governing its exercise have been made more flexable and liberal. See note, 91 Am. St. Rep., 597; 600. *Crane v. McDonald,* 118 N. Y., 648; 23 N. E., 991. The modern view as to the rule requiring privity is thus stated in 33 C. J., 435, § 18:

"The requirement that there be privity of estate, title, or contract between claimants, or that their claims must be derived from a common source, is not inherently necessary to the proper administration of the remedy, and there has been a disposition to relax the rigidity of the rule in this regard, both in England and America, in later times. The validity of the rule has been regarded as doubtful in ordinary actions of interpleader."

Hence, regardless of whether such privity, in the technical sense, exists as would satisfy the rule, strictly applied, it has been held in a number of cases that an owner is entitled to invoke the remedy of interpleader "against rival brokers claiming the commission for making a sale where the cir-

cumstances are such that there can be a liability for only one commission." 33 C. J., 443, § 25. *Little v. Davis, supra; Snow v. Ulrich,* 126 Ill. App., 493. *Myers v. Batcheller,* 177 App. Div., 47; 163 N. Y. Supp., 688. *Dardonville v. Smith,* 133 App. Div., 234; 177 N. Y. Supp., 216. *Brooke v. Smith,* 2 Pa. Dist. R., 767. *Schenck v. Sterling Engineering, etc., Co.,* 151 Wis., 266; 138 N. W., 769. In the circumstances of this case, upon plaintiff's own showing, there can be a liability for only one commission. It is this commission the rival claimants seek to recover. If, as we have seen, in the determination of the issue of fact upon which the rights of the respective claimants depends the defendant, Parker, had no interest but occupied the relation of a mere disinterested stakeholder, the remedy of interpleader was clearly within the scope of the statute. We think the Circuit Judge correctly so ruled.

The order of the Circuit Judge is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.