## ANDREWS *v.* TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

1. Where a petition in the nature of a bill for interpleader does not show that the petitioner is not in collusion with either party, but the affidavit verifying the petition does contain such necessary allegation, such petition is not subject to demurrer.
2. Where two suits were brought against an insurance company, each plaintiff claiming to be entitled to recover on an insurance policy, one of them suing for the amount of the policy, and the other for such amount and also for attorney's fees and damages, alleging that the insurance company had been guilty of bad faith in refusing payment to him, this did not present a case which would sustain a strict bill of interpleader by the insurance company offering to pay into court the amount of the policy in full discharge of its liability, and an order thereon passed by the presiding judge enjoining the plaintiffs in the two suits, and authorizing the insurance company to pay into court the amount of the policy and interest, and thereupon to be discharged from further liability on the policy, and directing them to interplead in regard to the fund.  Such an order was erroneous in that it ignored the fact that one of the contestants not only claimed to be entitled to the proceeds of the policy, but also sought a judgment against the company for damages and attorney's fees, which would thus be cut off by the order of the court without a trial.
(*a*) Whether such circumstances present a case for a petition in the nature of a bill of interpleader to settle all the controversies in one litigation is not determined.  The case is dealt with as it is presented.

JULY 12, 1916.

Interpleader.  Before Judge Littlejohn.  Sumter superior court. July 15, 1915.

*R. L. Maynard,* for plaintiff in error.

*E. A. Hawkins,* contra.

HILL, J.  The Travelers Insurance Company issued a policy of insurance on the life of John T. Fletcher for $2000, payable upon his death, during the continuance of the policy, to his wife, Caroline C. Fletcher.  John T. Fletcher died October 8, 1914.  Upon proof of his death Caroline C. Fletcher demanded payment to her of the sum named.  The insurance company filed a petition in the nature of a bill for interpleader against D. R. Andrews and Caro-

line C. Fletcher, in which it was alleged that the latter, as widow of the insured, had filed suit in the city court of Americus against petitioner, praying that the amount named in the policy of insurance be recovered by and paid to her, which suit was pending; that subsequently D. R. Andrews also filed against the petitioner a suit in the same court to recover on the same policy, claiming to be the transferee and owner of it, and praying that the amount thereof be recovered by him; and that petitioner did not know which of the defendants was entitled to the amount named in the policy. It offered to pay into court the sum of $2000, in full discharge of any liability; and thereupon prayed: that Andrews and Mrs. Fletcher be enjoined from further prosecuting their respective suits in the city court; that they be required to interplead and establish their right to the policy; that petitioner be allowed to pay into court, in full discharge of all liability, the sum of $2000; and that all costs of the proceeding, including reasonable attorney's fees for petitioner's attorney, be paid out of the fund.

Andrews demurred to the petition, and answered. Mrs. Fletcher filed no answer. The court passed the following order: "Upon considering the foregoing petition and answer and the evidence submitted, it is ordered, considered, adjudged, and decreed by the court, that the petition of interpleader be and the same is hereby granted, and defendants, Mrs. John T. Fletcher and David R. Andrews, are each required to interplead in said cause, and set up whatever rights and claims they, or either of them may have against the Travelers Insurance Company of Hartford, Connecticut, upon life-insurance policy # 133436, upon the life of John T. Fletcher, late of said county, deceased, for $2000.00 fifteen-year-pay life, payable, during its continuance, to his wife, Caroline C. Fletcher. It is further ordered, considered, adjudged, and decreed by the court, that said defendants, Mrs. John T. Fletcher and David R. Andrews, be and they are hereby enjoined, under such penalty as may be imposed by the court, from further prosecuting their respective suits on said policy in the city court of Americus against the Travelers Insurance Company of Hartford, Connecticut, the plaintiff in this case. It is further ordered, considered, adjudged, and decreed by the court that upon the Travelers Insurance Company of Hartford, Connecticut, paying into court the sum of $2000.00, with interest on said sum from the first

day of November, 1914, that said insurance company be discharged from any further liability upon said policy for said $2000.00, and all future interest. It is further ordered, considered, adjudged, and decreed that the plaintiff is not entitled to receive out of said sum its attorney's fees." To this order Andrews excepted.

1. By the Civil Code (1910), § 5471, "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Section 5472 provides: "Every petition for interpleader should be verified, and should show that the petitioner is not in collusion with either party claiming the property." It will be observed from the section last cited that the petition should show that the plaintiff is free from collusion with either party. Suit can not be maintained unless this is done. The demurrer of Andrews, one of the defendants, expressly raises the issue that the petition does not allege that the insurance company "is free from collusion or conspiracy with either of the parties." By reference to the petition, it will be seen that this material allegation is not set out in the petition as such, but in the affidavit verifying the petition it is stated that "the petitioner is not in collusion with either party claiming said policy." Does the allegation in the affidavit cure the defect in the petition? While we think it would be better if the statute were followed according to its letter, yet the purpose of it probably was to show the good faith of the petitioner in bringing the suit; and we think the spirit of the statute has been complied with when the petitioner attaches to the petition an affidavit which contains the exact allegation required to be in the petition. Treating the verifying affidavit as a part of the petition, we think the petition is sufficient to withstand a demurrer. See, in this connection, 2 Corpus Juris, 318, § 4 b; 31 Cyc. 46 E. See also *Davis* v. *Davis*, 96 *Ga.* 136 (4), 143 (21 S. E. 1002); Fletcher on Equity Pleading and Practice, 3777.

2. The second headnote requires no elaboration.

*Judgment reversed. All the Justices concur.*