# WASHINGTON LOAN AND BANKING COMPANY *v.* FOLLY BEACH CORPORATION.

1. Under proper construction the amendment filed by the defendant·to its answer was in the nature of a petition for interpleader; and being insufficient. for such purpose, the order of the trial court striking all of such amendment except paragraph seven thereof was not erroneous.

2. An acceptance of a bill of exchange in these words: "Accepted and payable only through The Washington Loan & Banking Co., when sent direct to them for collection. Washington Loan & Banking Co., by T. J. Barksdale, Cashier," does not require presentation for payment in the specified manner as a condition for failure of which the acceptor would not be liable as acceptor of the paper.

3. The verdict was demanded by the pleadings and the evidence.

No. 2979. SEPTEMBER 30, 1922.

Complaint. Before Judge Shurley. Wilkes superior court. November 9, 1921:

*W. A. Slaton* and *Colley & Colley,* for plaintiff in error.

*Clement E. Sutton,* contra.

ATKINSON, J. The Folly Beach Corporation of Charleston, South Carolina, as transferee, instituted an action upon a bill of exchange against the Washington Loan & Banking Company, a corporation of Wilkes County, Georgia, as acceptor. The petition alleged that the draft, acceptance, and indorsement were as follows:

"$4618.57.                    Charleston, S. C. August 10, 1920.
" December 1st, 1920, pay to the order of the Interstate Motor
Corporation forty-six hundred and eighteen and 57/100 dollars,
value received, and charge the same to account of

F. G. Booker.

" To Washington Loan & Banking Co., Washington, Ga.
" Accepted and payable only through The Washington Loan &
Banking Co., when sent direct to them for collection. Washington Loan & Banking Co., by T. J. Barksdale, Cashier."

Indorsed: " Interstate Motors Corporation, By Donald Yarbrough, President."

The defendant filed an answer, and subsequently filed an amendment which, except paragraph seven thereof, upon motion of the plaintiff was stricken by the court. The defendant excepted pendente lite. The case proceeded to trial on the petition and the original answer as amended. A verdict was returned for the plaintiff. The defendant made a motion for new trial, which being overruled, it excepted. In the bill of exceptions error was also assigned on the exceptions pendente lite. Other facts will hereinafter sufficiently appear.

1. The amendment to the answer by the acceptor of the bill of exchange averred substantially as follows: The instrument was executed by the acceptor as a mode of extending credit to the drawer for security of which certain collaterals were pledged to the acceptor; the instrument was delivered after acceptance by the drawer to the payee merely as a pledge; the purpose of the pledge had been accomplished; the plaintiff received the paper from the president of the payee (a corporation) while so held as a pledge; the corporate name of the payee was indorsed by its president without authority of the corporation, and as a part of a collusive and corrupt transaction between the plaintiff and such president; the paper was delivered to plaintiff by the president of the payee in payment of a pre-existing individual debt and otherwise for the account of the president; the plaintiff received the paper with knowledge of its conversion and of the fact that it was held by the payee as a pledge for the drawer; in the circumstances plaintiff held the paper without title and fraudulently as against the drawer; if defendant should pay the plaintiff the amount of the paper, the

defendant would be liable over to the drawer for the value of the collaterals pledged to it as security for accepting the paper; defendant is a mere stakeholder, and cannot without danger to itself determine the rights existing between the parties,· and therefore, upon all the foregoing facts, it prays that the drawer and payee and plaintiff be required to interplead " and set up their rights, that all the issues involved in said transaction may be determined in one action, and that this defendant be permitted to pay the fund into court, that all the parties may set up their rights and have them determined without danger to this defendant." An affidavit attached averred that " the facts therein stated were not omitted from defendant's original answer for the purpose of delay, and they are not now set up for the purpose of delay." The court struck all of the amendment except paragraph seven thereof, on motion, and error is assigned on that ruling.

The amendment properly construed was projected as an application for interpleader. As such it was insufficient for several reasons, not all of which need be stated. It is declared in the Civil Code, § 5471: "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." In § 5472, it is declared: "Every petition for interpleader should be verified, and should show that the petitioner is not in collusion with either party claiming the property." In *Davis* v. *Davis,* 96 *Ga.* 136 (21 S. E. 1002), it was held: "As against a special demurrer, a sworn allegation or an affidavit of non-collusion by the person seeking relief is indispensable to the maintenance of a petition for interpleader." In *Andrews* v. *Travelers Insurance Co.,* 145 *Ga.* 472 (89 S. E. 522), it was held that if the affidavit verifying the petition shows " non-collusion " by the person seeking interpleader, the petition would not be dismissed because there was no allegation of such " non-collusion " contained in it. In the case under review, neither the amendment nor the affidavit contained any statement of non-collusion by the defendant, who was the person seeking interpleader. The absence of any such statement, under the rulings in the cases above cited, was sufficient ground for striking the plea. It may be remarked further that

the affidavit did not state that the allegations in the amendment were true, but related only to excuse for failure to set up such matters in the original answer. In *Manufacturers Finance Co.* v. *Jones Co.,* 141 *Ga.* 619 (81 S. E. 1033), it was held: "Where two different persons lay claim to a debt, and the debtor in a petition against them for strict interpleader denies that he is indebted to one of them, an order for such interpleader will not be granted." Under application of this principle the amendment was insufficient. The amendment alleged a controversy between the payee and the drawer as to the right to the debt evidenced by the paper, and denied that defendant had title to the paper or owed the debt to the plaintiff.

2. The original petition alleged that the defendant as acceptor of a bill of exchange was indebted to the plaintiff as transferee in a stated amount for which judgment was prayed. A copy of the bill of exchange with the indorsement by the payee was attached to the petition as an exhibit, and was as stated above. The original answer of the defendant admitted that defendant was a banking corporation organized under the laws of Georgia, with its principal place of business in the county in which the suit was instituted, and denied all other allegations of the petition. Following such denial the answer proceeded:

"3rd. For further plea and in explanation of the foregoing paragraphs, defendant submits as follows: The draft set forth as Exhibit 'A' to the petition was, on some day in August, 1920, presented to defendant for acceptance. It was presented for payment by the Citizens National Bank of Washington, Georgia. Upon this presentation of said draft and acceptance, the said Washington Loan & Banking Company refused to pay the same, except upon the conditions stated in its acceptance, which were as follows: 'Accepted and payable only through the Washington Loan & Banking Company when sent direct to them for collection.' The defendant shows that the above exceptions and conditions were imperative and unqualified, and that for reasons sufficient to itself the said Banking Company made these conditions. These conditions were necessary for its own protection, and were of value to said Banking Company. The plaintiff in the case has entirely ignored and disregarded such conditions, they have in no sense been complied with, and on account of facts

hereinafter stated, the said plaintiff has lost all right under said contract of acceptance. It is unfair and illegal to attempt to hold the defendant indefinitely and to its own peril and loss, and in addition to bring this suit against it at considerable expense made necessary to defendant. Defendant shows that the said draft was never presented to it through the Citizens Bank of Charleston, S. C. It shows that one E. H. Jennings, not purporting to represent any one, came into its office and asked why the acceptance was not paid. He did not present it, nor did he claim to be an officer of plaintiff. He did say that the acceptance had been assigned to the Citizens Bank of Charleston, S. C., and he had indorsed it and said Citizens Bank of S. C. had demanded payment of it from him, but he in nowise represented himself as connected with Folly Beach Corp., or as secretary of the same. On the contrary the said Jennings told this defendant that the said draft and acceptance belonged to and were the property of the Citizens National Bank of Charleston, S. C., and that it had been duly and fully transferred to said Citizens Bank of Charleston, S. C.

"Defendant further shows that after said alleged presentation the said Citizens Bank of Charleston, S. C., on the 14th day of December, 1920, brought suit in the superior court of Wilkes County, Georgia, against this defendant, claiming to be the owner and the purchaser of said acceptance and draft from plaintiff in this case. It was never presented to this defendant for payment, nor went direct to it for collection, as the unqualified condition in the acceptance demanded. This defendant also shows that in answer to above suit it filed its plea setting forth the above facts. It shows that upon said plea being filed, the said Citizens Bank of Charleston, S. C., dismissed its said suit, and that it has insisted that the said plaintiff in this case take up said draft and relieve it of liability. That either it had never purchased the draft at all, and there was a mere ruse to interpose a bona fide purchaser in that suit, on [or?] it has received its money from the plaintiff in this case.

"This defendant also shows that the drawer of said draft, F. G. Booker, has filed a proceeding praying for an injunction against the payment of said draft, on account of fraud in its procurance

and in its use. This was filed before the suit above mentioned by the Citizens National Bank of Charleston, S. C., was dismissed."

Paragraph seven of the amendment to the answer, which was not stricken on demurrer, was: "Respondent further shows that it did not have the money on hand belonging to said Booker, but had securities upon which it was to loan him a certain sum, and it agreed to do this on the special contract with said Booker that it should handle the accepted draft as entered on the same. Also that was the meaning, reason and ground for its acceptance, so known to all parties. There is a certain profit connected with the same that it obtained by this method."

While there was no motion to strike the answer, as the judge refused the defendant's motion for a new trial against whom verdict had been returned, and it would be the duty of this court to affirm the judgment if it was right for any cause, and the judgment would be right if the defendant failed to set up a valid defense to the action, the question necessarily arises, did the answer set up a valid defense? The substance of the plea, reduced to its final analysis, is that the acceptance was conditional and not binding upon the defendant unless the paper should be sent for collection to the defendant, which was a bank and would be entitled to a certain profit by reason of handling the paper in its banking business. The answer did not seek by way of cross-demand to collect any damage for failure to send the paper directly to the bank for collection, but merely set up that the failure to send the paper for collection directly to the bank was a valid excuse for refusing payment. The language of the acceptance does not require compliance with the specified mode of presentation for payment as a condition upon which the acceptance should be binding, and the position taken by the defendant is untenable under the law as applied to the facts of the case.

3. Under the pleadings and the evidence a verdict for the plaintiff was demanded; and any possible error in the charge and refusal of certain requests to charge, upon which error was assigned in the motion for new trial, will not require a reversal.

*Judgment affirmed. All the Justices concur.*