DAVIS *v.* DAVIS *et al.*, executors, *et al.*, and *vice versa.*

1. Ordinarily there is no privity between an executor of an estate and a creditor of a devisee under the will; and in order to sustain an action by such creditor against the executor for a fund which would under the will belong to the devisee, the petition should affirmatively establish a privity by showing some such lien, charge or claim on the fund in favor of the creditor as would justify the court in awarding it to him rather than to the devisee.

2. It is essential to the maintenance of a petition for interpleader, that there be by at least two persons conflicting claims, each apparently well founded, to a fund in the hands of a person having no interest in or claim thereon, and who, as between the conflicting claimants, is perfectly indifferent. Where, therefore, it appears that an executor is being sued by a devisee for a sum to which she is entitled under the will of the testator, and a creditor of such devisee is likewise suing the executor to recover the interest of such devisee upon an alleged indebtedness due from such devisee to himself, in the absence of allegations in the petition for

interpleader showing clearly how and upon what account the creditor is entitled to maintain an action against the executor for the recovery to his own use of the sum due the devisee, an order directing an interpleader will not be awarded.

3. The principle above announced would also be applicable when, by decree of the proper court, the rights under a will of a person named therein as devisee, and all other claims of that person against the testator's estate, had been fixed and adjusted and the executor directed to pay such persons a specific amount of money in lieu of the devise or legacy mentioned in the will and in full satisfaction of all demands of that person against the testator's estate.

4. As against a special demurrer, a sworn allegation or an affidavit of non-collusion by the person seeking relief is indispensable to the maintenance of a petition for interpleader.

5. An attorney at law who acknowledges service for a defendant, and who afterwards, with the knowledge of the defendant, appears of record as representing him in the further progress of the cause, as long as such acknowledgment stands unchallenged upon the record, will be presumed to have been in the first instance authorized to make it, and such acknowledgment will be treated in the further progress of the action as personal service upon the defendant. Where, therefore, a person who resides beyond the limits of the State is thus served, the court may thereon proceed to judgment *in personam* as though service had been regularly perfected upon the defendant while within this State, to the extent at least of binding the property of the defendant within this State; and especially is this true when it does not appear that at the time of the acknowledgment of service the defendant was not within the limits of the State.

April 15 1895. Brought forward from the last term.

Petition for interpleader, etc.　Before Judge Jenkins. Greene county.　December 28, 1894.

The executors of Charles A. Davis brought their petition against Hart & Sibley, attorneys at law, and Mrs. Icelia E. Davis, widow of Charles A. Davis, to enjoin them from prosecuting suits they had brought against petitioners, and to require them to interplead and establish their respective rights to a fund in petitioners' hands; and for direction as to how petitioners should further comply with a previous decree touching the settlement with said widow, and the payment of the balance of the indebtedness due thereunder.　Hart & Sibley

answered, admitting the truth of the facts alleged, and stating that they were willing to interplead with Mrs. Davis as to the fund, but denying that their suit should be enjoined, etc. Mrs. Davis answered: (1) That at the date of the filing of the petition she was, and has been ever since, a citizen and resident of Cook county, Illinois, and that the superior court of Greene county has no jurisdiction of her. Not waiving but insisting upon said want of jurisdiction, she says: (2) that said, superior court has no authority to enjoin the suit filed by her against the executors in the circuit court of the United States for the northern district of Georgia. (3) That the petition is not sufficient in law, because not supported by an affidavit of non-collusion on the part of the petitioners. (4) And that the averments as to the claim of Hart & Sibley show that they have no valid claim against the executors, and therefore she cannot be held to interplead with them.

The court granted the order of interpleader as prayed, to which Mrs. Davis excepted. The injunction prayed for was not granted, for the reason that Mrs. Davis was a non-resident, and there would be no way of enforcing the injunction on this account. To this ruling the executors took a cross-bill of exceptions.

The petition of the executors alleges the following: Mrs. Davis, being dissatisfied with the legacy left her in the will of Charles A. Davis, filed a *caveat* to the probate of the same, and filed an application for year's support. Besides, other differences arose between her and the executors touching her interest in the estate. Growing out of said litigations and disputes, a contract of settlement was entered into between her and the executors, whereby it was agreed that the executors should pay to her $40,000 in full settlement and satisfaction of her interest in the estate, as soon as the judgment of the superior court ratifying this agreement could be had,

upon proceedings to be at once instituted by the executors for that purpose. This agreement is attached as an exhibit. In compliance with its terms, the executors instituted the proceedings in the superior court, to which the widow and all other legatees under the will were parties; and at the August term, 1894, a decree was rendered, ratifying and confirming the contract of settlement, and directing the executors to execute the same. Record of these proceedings is attached as an exhibit. After the rendition of the decree, the executors immediately commenced to make payments on the contract of settlement as fast as they could realize cash from the assets of the estate, until the amount due thereunder was reduced to a balance of $8,507.45. Throughout said litigations, disputes and settlement, Hart & Sibley were the sole attorneys at law and counsel for Mrs. Davis, representing, by her employment of them, her entire interests, claims and demands against the estate. Payments heretofore made by the executors under the contract of settlement and decree, were, by knowledge and consent of Mrs. Davis, made to her said attorneys; but in August, 1894, shortly after the last payment was made, she notified the executors to pay no more money to her attorneys, but to pay all the balance due directly to her. On the other hand the attorneys notified the executors to pay the balance of the fund to them, claiming that their client had agreed that their fees should be taken out by them from the balance due. Soon afterwards Hart & Sibley sued the executors in the superior court for $8,250, besides interest, claiming that this much of the balance had been assigned to them by said widow; and they have notified the executors that they demand seven per cent. interest on their fees, and that a sufficient sum to meet such demand and all costs of suit should be held in their hands. Mrs. Davis has since brought suit against the executors in the

circuit court of the United States for the northern district of Georgia, for the balance in their hands due under the settlement and decree.   They cannot undertake to decide the differences between the attorneys and their client, for want of information of the facts.   They therefore cannot, with safety to themselves and to the interests of the estate, pay out the fund or execute the decree touching the settlement with the widow, until the rights of herself and her attorneys are judicially ascertained by this court.

On October 17, 1894, service of this petition was acknowledged by the attorneys for Mrs. Davis, and by Hart & Sibley.   On November 24, 1894, an affidavit to the truth of the facts stated in the petition was made by Charles A. Davis, Jr., one of the executors.   Two days later the court granted a rule to show cause, service of which was acknowledged by the attorneys of Mrs. Davis, and by Hart & Sibley.   On December 11, 1894, the executors filed an amendment to their petition, alleging as follows: Mrs. Davis was a resident of Greene county, Georgia, at the time the executors instituted the proceedings for the decree ratifying the settlement with her, continued to be a resident of that county until after she had acknowledged service of said proceedings, and did not claim to have changed her residence till after the appearance term of said case.   Since the rendition of said decree, the amount due by the executors under the contract and decree has, by agreement between them and Mrs. Davis, been definitely fixed at the sum of $8,645.53, which includes all interest up to the first of November, 1894, the sum stated in the original petition being the amount due without interest; and it was further agreed between them and her, that this balance was the proper sum to be held by them till the respective rights of herself and Hart & Sibley could be judicially ascertained.   Petitioners are not colluding with any of

the parties defendant in this case; but they simply hold the balance of said fund because of the contention set forth in the petition between Mrs. Davis and her attorneys. They are ready to pay over said fund to whatever party or parties may be entitled thereto, upon a final adjudication of this case; and they should not be chargeable with any further interest thereon. They pray to be allowed to deposit the fund with such custodian as the court may direct, and to be discharged from further liability to any of defendants. They attach as an exhibit a receipt dated November 1, 1894, signed by Mrs. Davis, for $3,000 as a credit on the amount due under settlement between her and the executors, ratified by decree of the superior court at the August term, 1894. The receipt further recites: "After allowing said credit of $3,000.00, there remains a balance due of $8,645.53, which bears interest from this date (Nov. 1st, 1894) at the rate of six per cent. per annum; it being understood that said balance is to be paid by the executors of said will at the end of the litigation between myself and my former attorney, John C. Hart, touching our respective rights to said fund, and to be paid in accordance with the final decree or judgment of court settling the rights of said parties."

An affidavit to the facts stated in this amendment was made by John C. Hart, December 27, 1894.

MARSHALL J. CLARKE and BISHOP & ANDREWS, for Mrs. Davis. H. T. LEWIS, S. H. SIBLEY and N. J. & T. A. HAMMOND, contra.

ATKINSON, Justice.

The facts upon which the questions were made in this case are sufficiently stated in the official report.

The general principles announced in the first, second and third head-notes are such as not to require further elaboration than is therein stated. To a correct appli-

cation of them to the facts of this case, it is only neces-
sary that the circumstances under which this litigation
arose be briefly stated. The plaintiffs in the petition for
interpleader were the executors upon an estate. In the
course of its administration, a charge thereon was estab-
lished in favor of one of the co-respondents for a certain
sum of money. The other parties respondent claim that
because of a pre-existing lien created thereon or assign-
ment thereof, this fund should be paid to them rather
than to the one entitled as devisee under the will. These
were conflicting claims to this fund in the hands of the
executors. *Prima facie*, the obligation of the executors
was to pay to the devisee, and the burden of showing
the contrary would have been upon the other claimant.
Being pressed, however, by both claimants, the execu-
tors filed a petition praying for interpleader. In this
petition the claim of the devisee is plainly and distinctly
set forth in such form as that this court might adjudi-
cate its merits. The petition for interpleader states in
general terms the claim of the other respondents, alleges
that a suit thereon has been brought which is pending
in the superior court in which the petition for inter-
pleader is filed, and alleges further that this suit against
them as executors plainly and distinctly sets forth the
cause of action of the adverse claimants. No copy of
this petition is attached to the petition for interpleader,
but leave of reference is prayed to it as the court from
time to time may require. Presumably the judge of the
superior court had before him the original record of this
suit at the time he passed upon the question made in
the petition for interpleader; but inasmuch as it was not
introduced in evidence upon the hearing, nor certified to
this court as such, and inasmuch as no copy of said suit
is attached as an exhibit to the petition for interpleader,
it could not come up to this court upon this writ of error,
either as a part of the record or as a part of the evi-

dence.　For this reason this court has not before it such a statement of the claims of these contesting parties as that it can adjudge that the petition for interpleader should have been allowed.　Upon the contrary, according to the record as we have it here, there does not appear to be any valid, subsisting, substantial claim to this fund upon the part of any person adverse to the claim of this devisee.　We know of no reason why, upon the *remittitur* being entered in the court below, the petition may not be so amended as to obviate the difficulty which we encounter in deciding the question here.　It is readily conceivable how a devisee, by assignment of a specific portion of a legacy, or by the creation of liens thereon, may create such a right in favor of a third person as would entitle him to assert his title as against the claims of the devisee; and we presume that if, upon a further investigation of this matter with the record complete and the evidence before it, the circuit judge shall find that to this fund in the hands of these executors there are adverse claims, each apparently well founded, by two separate and distinct persons, he will make such order as will serve to protect the executors against loss.

That an affidavit of non-collusion by the plaintiff *in propria persona* is essential to the maintenance of a petition for interpleader, we do not think is open to serious question; but under our liberal system of pleadings and amendments, we know of no reason why the judge of the superior court may not allow this formal affidavit to be supplied when this case shall again be reinstated in the superior court, and then proceed to final judgment as though it had been originally made.

We think that, upon the facts disclosed in the record, the superior court had jurisdiction of the person of this non-resident respondent.　She was represented by attorneys at law, in favor of whose acts liberal presumptions are indulged.　These attorneys acknowledged due and

legal service, for and on behalf of the defendant, of this petition for interpleader—both of the petition and process; they waived copy and all other and further service; and up to this time their authority in this respect stands unchallenged upon the face of the record. Conceding even that there is sufficient evidence of the non-residence of this defendant, the affidavit submitted by her in this case does not of itself exclude the idea of her presence at the time, nor an actual personal direction to her counsel to make for and on her behalf the acknowledgment and waiver upon the petition. It is perfectly consistent with the affidavit made by her, that she was then and there present; and we think this acknowledgment affords sufficient ground and is sufficient authority for the court to proceed to judgment against this respondent as if upon personal service. It is not necessary for us to inquire now and here whether a judgment rendered against her, under such circumstances, would be recognized in other jurisdictions as a judgment *in personam*. Nor is it necessary to inquire what would be its extraterritorial effect; but we are satisfied that a judgment rendered upon such a service is so far a judgment *in personam* as to bind all the property of the defendant within the limits of this State and which may be subject to the jurisdiction of the courts of the State of Georgia. Where parties litigant once submit themselves to the jurisdiction of the court, the court, having obtained, will retain jurisdiction of their persons and property, at least to the extent of awarding judgment in favor of citizens resident within this State, and will not, by the dismissal of a remedy, compel them to assert their rights in foreign jurisdictions.

*Judgment on main bill of exceptions reversed.*
*Judgment on cross-bill of exceptions affirmed.*