## FRANKLIN *v.* SOUTHERN RAILWAY COMPANY.

TURNER, J. 1. Before one occupying the situation of a stakeholder can call upon adverse claimants of a fund in his hands to interplead, he must satisfactorily show to the court that their claims have such a " foundation in law as will create a reasonable doubt " as to his safety in undertaking to determine for himself to whom the fund belongs; for the " old rule, that the stakeholder is entitled to be removed beyond the shadow of a risk, and that, in order to entitle him to the protection of the court, it is only necessary to establish that suits have been brought, or that claimants have threatened to bring them, no longer prevails." While, under the modern practice, it is not incumbent upon a stakeholder " to decide, at his peril, either close questions of fact or nice questions of law," yet, where he is in possession of all the facts, and no question of law is involved which is, in view of repeated adjudications by the courts upon which he may with safety rely, longer debatable, a petition for interpleader interposed by him can not be regarded with favor, and should be denied. See Maclennan on Interpleader, 131, 132, 134; Civil Code, § 4896.

2. The daily, weekly, and monthly wages of a " brakeman," employed by a railway company to discharge the duties usually incident to the kind of service performed by persons following his calling, are, under the provisions of the Civil Code, § 4732, exempt from the process of garnishment, beyond any reasonable doubt, in view of the construction placed upon the language of that section in numerous cases heretofore decided by this court, wherein the question arose whether or not the wages of employees who perform like services are exempt from garnishment.

3. It follows that the court below erred in ordering the defendants to this proceeding to interplead; for the plaintiff railway company based its prayer for the relief sought solely on the ground that it ought not to be subjected to the hardship of determining, at its peril, whether or not the wages of its brakeman could be reached by the summonses of garnishment served upon it at the instance of certain parties who professed to be his creditors; and though the summonses issued from different courts, and were sued out by different parties, the plaintiff had no just cause to apprehend that it could not, by exercising its legal right to set up the defense that the wages of its employee were exempt, successfully defeat the attempt on the part of his creditors to subject the fund in its hands to the satisfaction of their demands.

*Judgment reversed. All the Justices concur.*

Argued March 12, — Decided March 30, 1904.

Injunction and interpleader. Before Judge Lumpkin. Fulton superior court. December 14, 1904.

*Lowndes Calhoun,* for plaintiff in error. *J. D. Bradwell,* contra.