## LITTLE & GREEN *v.* DAVIS *et al.*

1. Under the allegations of the petition for interpleader, the plaintiff was practically a mere stakeholder, willing and ready to pay to either of the two defendants the debt which each of them was demanding of him, upon the determination of a single question of fact, in regard to which the defendants were themselves at issue, and which the plaintiff could not determine for himself without the hazard of having to pay the debt twice; and the court did not err in overruling the demurrer to the petition.

2. But under the answer of the defendants (the plaintiffs in error), and the evidence introduced to support the answer, the plaintiff in the petition for interpleader was clearly divested of his character as a disinterested stakeholder, and the right to require the other parties to interplead was therefore lost.

JULY 15, 1913.

Injunction and interpleader. Before Judge Bell. Fulton superior court. November 1, 1912.

W. J. Davis filed a petition against W. L. & John O. Dupree, a partnership, and Little & Green, another partnership, alleging: that each of said defendants is a firm of real-estate agents; that during certain months of the year 1912 the petitioner sent out to almost every real-estate firm and agent in Atlanta a circular letter in which he called attention to a certain piece of real estate owned by him which was for sale, and requested the agents addressed to undertake the sale of same at a stated price; that each of the defendants received the letter and became active in regard thereto; that the piece of real estate was sold to Columbus Roberts; that each of the defendants claims to have effected the sale; that while

the trade has been closed with Columbus Roberts, petitioner is unable to determine to which defendant firm he is due the commission; that Little & Green have instituted suit therefor, and W. L. & John O. Dupree threaten to bring suit to recover the same; that it is a universal custom in Atlanta that when the same piece of property is placed for sale with a number of real-estate agents, the commission is to be paid to the agent bringing about the sale, and, there being no different agreement made in this case, there is consequently an implied contract that only one commission is to be paid. Petitioner admits his indebtedness of $387 as due to the agent or firm bringing about the sale; he is willing and anxious to pay the same; and he prays that the defendants be required to interplead, so that it may be determined to whom the same is due. W. L. & John O. Dupree answered, setting up that they induced and brought about the sale to Columbus Roberts, and claimed the commission therefor. Little & Green answered to a similar effect, and made the additional averments: that they claim the commission under a contract with Davis, with which contract the claim of the other defendants can have no possible connection; and that Davis is not an innocent stakeholder of a fund to which all defendants claim a right, nor does he owe the same duty to all defendants. A copy of the alleged contract is as follows:

"Little & Green, Real Estate, Atlanta, Ga.  Salesman, Little and Green.                       $100.00.   Atlanta, August 8, 1912.

"Received of Columbus Roberts One Hundred ($100.00) Dollars as a part payment on all that tract or parcel of land  .  .  which I have this day sold Columbus Roberts, subject to approval of titles, for the sum or consideration of Thirteen Thousand, Five Hundred Dollars, to be paid as follows: $3,000.00 cash, assume loan of Six Thousand Five Hundred at six per cent., balance in one and two years at six per cent. I agree to pay Little and Green a commission of Reg. Commission —— Dollars for service rendered. As per agreement with L. C. Green. In the event the buyer fails to pay for the property as stipulated above, then the amount paid is to be forfeited and is to be kept by W. J. Davis.

[Signed] W. J. Davis, Owner.

"I hereby agree to purchase the above-described property upon the terms and conditions above named.

[Signed] Columbus Roberts, Purchaser."

Upon the trial, the court passed an order in accordance with the prayers of the petition, requiring the parties to interplead. To this order Little & Green excepted.

*L. Z. Rosser Jr.* and *Stiles Hopkins,* for plaintiffs in error.

*J. A. & J. M. Noyes* and *C. T. & L. C. Hopkins,* contra.

Beck, J. (After stating the foregoing facts.)

1. We do not think that the court erred in overruling the demurrer to the petition for interpleader. Under the allegations of the petition the sole question for determination was, which of the two parties whom the plaintiff sought to have interplead had procured a purchaser? The petitioner admitted that he owed one or the other the sum of $387, and set up facts to show that this identical sum was due by him to one or other of the two real-estate firms. The petition made him practically a stakeholder, owing but one debt to one of two parties, which he could not safely pay to either without the hazard of having to pay the debt twice; and the question as to which was the rightful claimant of the debt depended, according to his allegations, upon the determination of a single issue of fact, which was, as we have stated, who had procured the purchaser? This was a question of fact, in the solution of which, under the allegations of the petition, the petitioner had no interest whatever. And moreover, this issue of fact (the sole issue for determination before it could be rightly determined which of the two claimants was entitled to the fund) was an issue made by the claimants themselves, in the suit brought by one of them and in the suit which the other was threatening to bring. We mean by this that this plain, single issue of fact was involved in the two suits, the one actually brought and the other threatened, as stated in the petition. Under the allegations of the petition the plaintiff therein clearly owed but a single debt. No question of a double liability could arise under the allegations of the petition; and consequently the object of the petition for interpleader was against the danger of a "double vexation against a single liability." The allegations of the petition, taken as true, show the right of the plaintiff to an order requiring the defendants to interplead.

2. But upon the hearing to determine whether the injunction should be granted and the parties required to interplead, under the issues made by the allegations contained in the answer of the plaintiffs in error and the evidence submitted to support these al-

legations, a different case from that made by the petition was dis-
closed. Under the allegations of the answer filed by Little & Green
and the evidence introduced in support of that answer, Davis, the
petitioner, ceased to be a disinterested stakeholder; because, under
one theory of the evidence, Davis had agreed in writing to pay the
commission to Little & Green, "subject to agreement with L. C.
Green, a member of the firm of Little & Green." As to the mean-
ing of that condition "subject to agreement with L. C. Green,"
there was an issue of fact between Davis and Green; Davis testi-
fying that the agreement between him and Green was to the effect
"that the commission should be held by the said Davis and should
be paid over by him to whichever one of said real-estate firms
should be entitled thereto according to a decree of court;" while
L. C. Green testified that the words "as per agreement with L. C.
Green," which were inserted in the sales contract by Davis, had no
reference to any agreement to pay the money into court or to allow
the court to pass a decree as to whom the money belonged, but
these words were inserted before the suit by Little & Green against
Davis was filed, and had reference to a statement of Green to Davis
when Davis refused to pay Green his commission; that this agree-
ment was a proposition by Green that if Davis should pay Green
the commissions, Green would give to Davis a good and solvent
bond in an amount not less than twice the amount of the commis-
sions, conditioned to reimburse Davis should Davis ever have to
pay this commission to another agent; and that this was the only
agreement ever made by Green and Davis, and this statement was
made before suit was filed against Davis for Little & Green. Again,
while it is alleged in the petition that there was a universal custom
in the City of Atlanta, well known to defendants and all dealers
in real estate, that when the same piece of property was placed for
sale with a number of real-estate agents, only one real-estate com-
mission should be due for the sale of the property, and the same
was to be paid to the party bringing about the sale, and while this
allegation was supported by the testimony of a witness introduced
by the plaintiff, it was controverted on the hearing and a sharp issue
raised thereon by the testimony of L. C. Green, who testified that
from an experience of between two and three years in the real-
estate business in Atlanta, and being familiar with all the customs
governing the trade, he could and did swear that there was no cus-

tom in Atlanta to the effect that only one real-estate commission was to be paid for a sale of property listed with more than one agent, but that in every such case the number of commissions was a matter of contract in each case. With the introduction of this conflicting evidence in reference to the meaning of the words, "subject to agreement with L. C. Green," and upon the subject of the custom of paying commissions to only one agent (whether the testimony of Davis or that of Green was true with reference to the agreement, or whether the testimony introduced by the plaintiff or that introduced by defendants with reference to the custom was true), the character of the petitioner as a disinterested stakeholder vanished, and he stands revealed clearly as an antagonist of Little & Green and interested in destroying the effect of the written contract between him and Little & Green to the extent of eliminating from that contract a promise to pay the commissions to Little & Green, taking from them a bond for indemnity. Under Davis's theory of the case, as developed by the evidence, he was interested as against Little & Green to the extent of removing them from the advantageous position of the holder of a written promise to pay, to a level with the other claimants of the debt, W. L. & J. O. Dupree, as mere claimants of the fund, with the validity of that claim depending upon the establishment of the fact that they had effected the sale. Having under the evidence been divested of the character of a mere stakeholder, Davis was no longer in position to enforce his demand for interpleader between Little & Green and the Duprees, and the court erred in holding otherwise.

*Judgment reversed. All the Justices concur.*