GARDNER *v.* HAAS, HOWELL & DODD INC. *et al.*

*Drennan & Giles,* for plaintiff.

*Haas, Gambrell & Gardner, Cherry & Sasseville,* and *H. C. Schroeder,* for defendants.

HUTCHESON, J. R. J. Gardner filed his petition against Haas, Howell & Dodd and C. H. Broward, for injunction and interpleader, alleging that each of the defendants is a real-estate agent; that the plaintiff was the owner of certain real estate which was sold during the year 1933; that the commission for the sale of the property, amounting to $287.50, is claimed by each of the defendants; that the commission is due to one of the defendants, but the plaintiff is unable to say to which it is due; that he is ready and willing to pay the commission to the party entitled to it; that he is a mere stakeholder; that C. H. Broward has brought suit in the municipal court of Atlanta against the plaintiff, to recover the commission; and that the other defendant is threatening to bring suit for the commission. The plaintiff prays that the suits be enjoined; that the defendants be required to interplead in this suit; that he be allowed to pay the amount of the commission into court, less $50, the cost of bringing this suit; and for general relief. The defendants answered, each claiming that the commission is due him, and that he effected the sale of the property; denying that the plaintiff is a mere stakeholder; but alleging that, regardless of indebtedness by the plaintiff to the other, the plaintiff is due to the respondent the commission claimed. Broward attached to his answer a contract signed by the purchaser of the property, agreeing to buy through Broward the property in question at a stipulated price, and the further contract signed by Gardner, the plaintiff: "On property within the city limits of Atlanta, Georgia, 5% on the first $10,000, and 3% on the excess, of gross price. Beyond the six-mile circle, per county map, 5% of gross-sale price. The undersigned hereby agrees to pay C. H. Broward commission of 5%—$287.50 in the event sale is made of the property as described on reverse side of this sheet. This 8th day of September, 1933." At interlocutory hearing each of the defendants introduced affidavits setting out his claim to the commission. The judge denied an injunction, and the plaintiff excepted.

Under the answers filed by the defendants and the evidence in

support thereof, it developed that one of them, Broward had a written contract from the plaintiff, agreeing to pay to Broward the commission of $287.50 for the sale of this property to the purchaser, Robertson; while Haas, Howell & Dodd testified by affidavit that they got in touch with both the owner of the property and the purchaser, that he showed Robertson the property, explained the terms of the trade; that he also talked with the owner of the property; though it is not stated in terms in this affidavit that the owner agreed specifically to pay the commission to Haas, Howell & Dodd. Thus, under the allegations of the answers and the evidence, the plaintiff ceased to be a disinterested stakeholder; because, under one theory of the evidence, he agreed in writing to pay the commission of Broward; and according to the contentions of Haas, Howell & Dodd he agreed to pay the commission to them. The facts of the present case are very similar to the facts in *Little* v. *Davis,* 140 *Ga.* 212 (78 S. E. 842), where it was held: "But under the answer of the defendants, . . and the evidence introduced to support the answer, the plaintiff in the petition for interpleader was clearly divested of his character as a disinterested stakeholder, and the right to require other parties to interplead was therefore lost." In *Manufacturers Finance Co.* v. *Jones Co.,* 141 *Ga.* 619, 621 (81 S. E. 1033), it was held: "An equitable proceeding for interpleader proper lies when a person is possessed of funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder, or person owing the debt or duty, to act. Civil Code, § 5471. If the question is, not to which one of two or more claimants a single duty or debt should be rendered or paid or the same property should be delivered, but whether the person filing the proceeding is liable to each of two holders of different negotiable promissory notes transferred to them respectively before due, on which separate suits have been brought, whether they are not bona fide holders for value and without notice, and whether the debtor has a defense as against each or either of them, arising out of transactions with the original payee, this presents no case of a double claim to one debt or liability, but a case of whether there is a double liability, and does not authorize a proceeding for interpleader proper. Crawford *v.* Fisher, 1 Hare, 436; Greene *v.* Mumford, 4 R. I. 313; Connecticut Mutual Life Ins. Co. *v.* Tucker, 23 R. I. 1 (49 Atl. 26, 91 Am. St. R. 590);

and note; Hoyt *v.* Gouge, 125 Iowa, 603 (101 N. W. 464); Standley *v.* Roberts, 59 Fed. 836; Bassett *v.* Leslie, 123 N. Y. 396 (25 N. E. 386); National Life Ins. Co. *v.* Pingry, 141 Mass. 411 (6 N. E. 93); Northwestern Mutual Life Ins. Co. *v.* Kidder, 162 Ind. 382 (70 N. E. 489, 66 L. R. A. 89); 23 Cyc. 5 (3); 11 Enc. Pl. & Pr. 459 (g)." And see Newsum *v.* Interstate Realty Co., 152 Tenn. 302 (278 S. W. 56); 33 C. J. 438.

It appearing from the answers of the defendants, and the evidence introduced by each of them, that the plaintiff might be liable to each of them for the commission in question, a bill for interpleader will not lie at the instance of the plaintiff; and under the authorities cited the court did not err in dissolving the temporary restraining order and in denying an injunction.

*Judgment affirmed. All the Justices concur.*