WIGHT *v.* FERRELL *et al.*

No. 12780. MAY 10, 1939. REHEARING DENIED JUNE 19, 1939.

S. P. *Cain, Leonard Farkas,* and *Walter H. Burt,* for plaintiff.
S. B. *Lippitt,* for defendants.

GRICE, Justice.   Wendell B. Wight filed in Grady superior court his petition against A. B. Wight (a resident of Grady County) as administrator of the estate of K. P. Wight, L. R. Ferrell, a resident of Dougherty County, and O. F. Tarver, sheriff of the city court of Albany, alleging that Ferrell, on May 19, 1938, filed in the city court of Albany a bail-trover suit against Wendell B. Wight for a certain stock certificate which Wendell B. Wight claimed to hold as a mere stakeholder; that on May 20, 1938, A. B. Wight, administrator, filed in the superior court of Dougherty County an equitable suit against Wendell B. Wight, L. R. Ferrell, Ferrell-Wight Company Inc., and O. F. Tarver, sheriff of the city court of Albany, in which equitable suit the administrator claimed title and ownership and right of possession of the said stock certificate.   The full nature of the trover suit and of the equitable petition in Dougherty superior court, together with the answers and demurrers, are set forth in the report of *Ferrell* v. *Wight,* 187 *Ga.* 360 (200 S. E. 271).   The plaintiff in the present case prayed that Ferrell and A. B. Wight, as administrator, be required to interplead and set up their respective claims to the certificate of stock; that petitioner be permitted to deposit the stock certificate with the clerk of the superior court of Grady County, to be disposed of under the order or decree of the court, after the rights of Ferrell and Wight, administrator, be determined; that Ferrell and A. B. Wight be enjoined from further prosecuting their suits above re-

ferred to, and that the sheriff, Tarver, also be enjoined from proceeding further in the trover suit. Ferrell filed his demurrers, general and special, to the petition. The court sustained the demurrers and dismissed the plaintiff's action, and he excepted.

■ It affirmatively appears from the petition that the certificate of stock, the rival claims of ownership of which are the basis of the present suit, is held by the plaintiff as bailee, it having been delivered to him by A. B. Wight as administrator of the estate of K. P. Wight, one of the defendants in the present suit. It is essential to the maintenance of a petition for interpleader that there be by at least two persons conflicting claims, each apparently well founded, to a fund or property in the hands of a person having no interest or claim thereon, and who, as between the conflicting claimants, is perfectly indifferent. *Davis* v. *Davis,* 96 *Ga.* 136 (21 S. E. 1002). A plaintiff can not be said to stand indifferent between the claimants if one of them has a valid legal demand against him at all events. The party seeking the relief must have incurred no independent liability to either of the claimants. This independent liability of the plaintiff to one of the defendants may arise from the very nature of the original relation subsisting between them. After laying down the foregoing principles, accompanied by the citation of many adjudications to support them, the author of Pomeroy's Equity Jurisprudence (4th ed.), vol. 4, § 1474, says: "The most important examples of such relations are those subsisting between a bailee and his bailor, an agent or attorney and his principal, a tenant and his landlord, and the like. In pursuance of the doctrine above stated, if a bailee is sued by his bailor, or an agent by his principal, or a tenant by his landlord, and at the same time a third person asserts a claim of title adverse and paramount to that of the bailor, principal, or landlord, a suit of interpleader can not, in general, be maintained against the two conflicting claimants, since, from the very nature of the relation, there is an independent personal liability, with respect to the subject-matter, of the bailee to his bailor, of the agent to his principal, and of the tenant to his landlord." In support of the statement in the same volume (§ 1475), that "A bailee or agent can not maintain an interpleader suit against the bailor or the principal and a third person who asserts an independent, antagonistic, and paramount title to the funds," many American and British cases are

cited, among the latter that of Pearson *v.* Cardon, 2 Russ. & M. 606, wherein Lord Brougham declared: "That an agent should have the power of filing a bill of interpleader, when his principal demands the redelivery of his goods bailed with him, appeared to me so monstrous a proposition, and to involve such frightful consequence in mercantile transactions, that I could not suppose it was meant to contend for any such doctrine. For in fact it amounts to this: that an agent may, at any moment, treat his principal to a chancery suit," etc. Compare *Adams* v. *Dixon,* 19 *Ga.* 513 (65 Am. D. 608) ; *Tyus* v. *Rust,* 37 *Ga.* 574 (95 Am. D. 365) ; *Hatfield* v. *McWhorter,* 40 *Ga.* 269; *Little* v. *Davis,* 140 *Ga.* 212 (78 S. E. 842).

■ The further contention of counsel for the plaintiff is that even if the petition can not stand as a strict bill of interpleader, as denominated in our former practice, it is nevertheless good as a petition in the nature of a bill of interpleader. Though ordinarily a person who does not occupy the position of a disinterested stakeholder can not maintain an equitable proceeding to compel other claimants to interplead concerning the fund or property, it is often allowable for a person so situated to file a petition in the nature of a bill of interpleader, but only wherein he seeks affirmative relief independently of the fact of the conflicting claims of two or more defendants. 15 R. C. L. § 16; 33 C. J. § 6; 4 Pomeroy's Equity Jurisprudence, § 1481. Nothing of the kind appears here, and the suit can not be maintained on the idea that it is a petition in the nature of a bill of interpleader.

■ Finally it is insisted that, independently of other grounds, the plaintiff is entitled to relief in order to prevent a multiplicity of suits. To enjoin the two suits would mean that the two other parties shall interplead in this suit, and thus to indirectly give the plaintiff a remedy which we have adjudged he is not entitled to, under this record. It would be a misapplication of the doctrine relating to the avoidance of a multiplicity of suits to apply it here. The court properly sustained the general demurrer.

*Judgment affirmed. All the Justices concur.*