MULLINS *v.* AUTRY *et al.*

No. 15445.  MAY 9, 1946.

648

*James Maddox,* for plaintiff in error.

*Lanham & Parker* and *Carl H. Griffin,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to

interplead." Code, § 37-1503. "If the holder knows all the facts, and the questions of law, under repeated decisions of the courts, are not intricate or debatable, such a petition will not lie (*Lassiter* v. *Bank of Dawson*, 191 *Ga.* 208, 11 S. E. 2d, 910); but it is not incumbent upon the holder 'to decide at his peril either close questions of fact, or nice questions of law,' and in such a case he may require the parties at interest to set up their claims for determination. *Knight* v. *Jackson*, 156 *Ga.* 165, 168 (118 S. E. 661); *Franklin* v. *Southern Ry. Co.*, 119 *Ga.* 855 (47 S. E. 344)." *Cannon* v. *Williams*, 194 *Ga.* 808, 811 (22 S. E. 2d, 838). "It is essential to the maintenance of a petition for interpleader, that there be at least two persons [having?] conflicting claims, each apparently well founded, to a fund in the hands of a person having no interest in or claim thereon, and who, as between the conflicting claimants, is perfectly indifferent." *Davis* v. *Davis*, 96 *Ga.* 136 (2) (21 S. E. 1002); *Wight* v. *Ferrell*, 188 *Ga.* 200, 201 (3 S. E. 2d, 736). See also *Campbell* v. *Trust Company of Georgia*, 197 *Ga.* 37 (28 S. E. 2d, 471, 152 A. L. R. 1111). "Real doubt or danger alone authorizes one to file a petition for interpleader. It must appear from the allegations of the petition that the conflicting claims of the defendants are of such character as to render it doubtful or dangerous for the plaintiff to act; and in order to do this it is necessary that such claims be set forth so as to inform the court of their nature, character, and foundation, certainly to the extent of enabling the court to determine whether or not an interpleader is essential to the plaintiff's protection." *Knight* v. *Jackson*, 156 *Ga.* 165, 167 (118 S. E. 661). The petition as originally brought clearly showed a claim by H. R. Mullins, which the petitioner might reasonably conclude he could not in safety ignore. Mullins, who contracted for the funeral services furnished by Autry, tendered in payment for the same a check for $750 which was payable to him, and which in no wise showed that anyone else was interested in the proceeds thereof. Autry, being unable to give him in cash the difference between that check and the balance due, issued to Mullins his personal check for $34.04, which Mullins cashed, and also a check for $425. When Autry stopped payment on this $425 check, after Mrs. Elrod, as administratrix, asserted that the money belonged to the estate represented by her, the result was that Autry was left in possession of funds which were

not his own, since the check was not payment until itself paid. Code, § 20-1004; *Sims* v. *Bolton,* 138 *Ga.* 73 (74 S. E. 770); *Browder-Manget Co.* v. *West End Bank,* 143 *Ga.* 736 (1-a) (85 S. E. 881). Mullins disclaimed title to this fund, and might reasonably entertain the fear, whether well founded in law or not, that payment to Mullins would be hazardous. The allegations as to the claim of Mrs. Elrod, as administratrix, showed only a vague contention that the money should be paid to her because, for some unexplained reason, it was due to the estate she represented, and it might be urged with some plausibility that these allegations did not show a conflicting claim of such nature as to enable the court to determine that an interpleader was essential to the petitioner's protection, because, before "a stakeholder can call upon adverse claimants to a fund in his hands to interplead, he must satisfactorily show to the court that their claims have such a 'foundation in law as will create a reasonable doubt' as to his safety in undertaking to determine for himself to whom the fund belongs." *Franklin* v. *Southern Railway Co.,* supra. However, as will presently appear, no decision is necessary as to whether or not the original petition showed the claim of Mrs. Elrod, as administratrix, to be well founded.

At the same term of court, the defendant Mullins filed a motion to vacate the judgment on the grounds that the petition did not set forth facts showing why he should be enjoined from proceeding against the petitioner, or how or in what manner Mrs. Elrod, as administratrix, would legally be entitled to the proceeds of the $425 check; that is to say, that there was no basis for an interpleader between the rival claimants. Thereupon Autry filed an amendment setting up that Mrs. Elrod, as administratrix, claimed that the $750 check was in payment of timber from the farm of her intestate and belonged to the said estate before being cut and sold, and that Mullins had no right to sell the same or receive payment therefor; but it was alleged that Mullins claimed that the other heirs had agreed to give him the farm if he looked after his mother, the widow of J. B. Mullins, which he had done, and that the timber rightfully belonged to him, and he had sold it to a buyer who had cut and removed the same and given him therefor the check for $750. Had these allegations been included in the original petition, the court would have been sufficiently informed of

the foundation upon which each of the respective claims was based, and a good cause for interpleader would have been shown. The fact that they were not presented until after judgment and the motion to vacate had been filed would not preclude the court from rendering the judgment here complained of. With respect to the revision and correction of a decree of interpleader, we think that the correct rule is set forth in 33 C. J. 466, § 60, as follows: "The decree to interplead is interlocutory and, therefore, subject to revision and correction, and it may, before final decree, be reviewed as having been improvidently and prematurely passed, and the grant or refusal of an order to interplead being a matter of judicial discretion, the vacation of such an order upon application and cause shown is equally within the court's discretion. Whether such order is vacated for irregularity or because improvidently granted or upon new facts and circumstances being shown is not material." Since the court had authority to vacate the decree of interpleader upon any grounds mentioned above, it likewise, upon a consideration of the amendment to the petition, was authorized to refuse to vacate the judgment when it was shown that an apparent foundation for the claim of Mrs. Elrod, as administratrix, existed. It would have been an unnecessary procedure to set aside the judgment because of the fact that without the amendment the claim of Mrs. Elrod, as administratrix, did not appear to have any foundation, and then, upon a consideration of the amendment showing to the court an apparent foundation therefor as against the claim of the other defendant, to reinstate the original decree of interpleader as authorized by the petition as amended. *Judgment affirmed. All the Justices concur.*