REED, executor, *v.* METROPOLITAN LIFE INSURANCE COMPANY.

HAWKINS, Justice. 1. While there is no exception to the judgment of the trial court overruling objections by the defendant Reed to the allowance of amendments to the petition, and while "a demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects, but in such case the demurrer should be renewed if it is still relied on"(*Silverman* v. *Alday*, 200 *Ga.* 711, 713, 38 S. E. 2d, 419), both the bill of exceptions in this case and the judgment of the trial court on the demurrer appearing in the record contain a recital that "the defendant's renewed general demurrer to the plaintiff's petition as amended is hereby overruled," to which judgment exception is duly taken; and the motion to dismiss the bill of exceptions, upon the ground that it fails to show that the general demurrer was renewed to the petition as amended, is without merit. *Lassiter* v. *Bank of Dawson*, 191 *Ga.* 208 (2) (11 S. E. 2d, 910).

2. While the Code, § 37-1503, provides that "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead," under repeated decisions of this

court the conflicting claims must be of such character as to justify a reasonable doubt or reasonable apprehension of danger in order that resort may be had to a court of equity (*Lassiter* v. *Bank of Dawson,* 191 *Ga.* 208 (4) supra), and "It must appear from the allegations of the petition that the conflicting claims of the defendants are of such character as to render it doubtful or dangerous for the plaintiff to act; and in order to do this it is necessary that such claims be set forth so as to inform the court of their nature, character, and foundation, certainly to the extent of enabling the court to determine whether or not an interpleader is essential to the plaintiff's protection." *Knight* v. *Jackson,* 156 *Ga.* 165, 167 (118 S. E. 661); *Mullins* v. *Autry,* 200 *Ga.* 645, 649 (38 S. E. 2d, 390).

3. In the instant case, the amended petition, filed by the Metropolitan Life Insurance Company, alleges: that it had issued a policy insuring the life of Sallie Ridgeway, "payable to the executor or administrator of the insured or to any relative incurring burial expenses"; that the defendant Joe Reed, as executor of the estate of Sallie Ridgeway, filed suit against the plaintiff in the Civil Court of Fulton County to recover the money alleged to be due under the said policy; that the other defendant, Rosa Lee Carmichael Acker, made claim for payment of the proceeds of the policy by means of proof of death, and also filed a caveat to the probate in solemn form of the will of Sallie Ridgeway, the insured, which caveat is now pending in the Ordinary's Court of Fulton County; that the plaintiff owes a stated sum under the terms of the policy, but that it is doubtful or dangerous for the plaintiff to pay either of the defendants, who are rival and adverse claimants to the proceeds of the policy, without proper adjudication of their respective rights and claims, and that both of the defendants are claiming the proceeds of said policy under the payment provisions above quoted; and that the plaintiff is willing to pay the stated amount to the one rightfully entitled thereto but, because of the adverse claims to said funds and the uncertainty as to whom this payment should be made, it offers to pay into the registry of the court the sum alleged to be due. The plaintiff alleges that it is not interested in the claims of either of the defendants, and is not in collusion with either party or counsel, but is merely a stakeholder, and prays that the defendants be enjoined from prosecuting any other proceedings, and that they be required to interplead in this case. The petition fails to allege that the defendant, Rosa Lee Carmichael Acker, is a relative of the insured, or that she has incurred any burial expenses, and fails to attach a copy or allege the contents of the proof of death or claim filed by her, or to make any other allegation as to the nature, character, or foundation of her claim to the fund, so as to enable the court to determine whether or not her claim is well-founded and whether an interpleader is essential to the plaintiff's protection. The trial court, therefore, erred in overruling the general demurrer to the petition. *Lassiter* v. *Bank of Dawson,* 191 *Ga.* 208 (supra).

*Judgment reversed. All the Justices concur.*

No. 16967. FEBRUARY 16, 1950. REHEARING DENIED MARCH 15, 1950.

606

*Walter A. Sims,* for plaintiff in error.

*Smith, Partridge, Field, Doremus & Ringel, Winfield P. Jones, F. L. Breen* and *Alex W. Smith, Jr.,* contra.