Lowery *v.* Independent Life & Accident Insurance Company.

Almand, Justice. Independent Life & Accident Insurance Company filed an equitable petition against Mrs. Allie C. Coleman, Mrs. Etta Mae Lowery, and Cordie Adams, seeking to require the defendants to interplead and set up their respective claims to $750, and praying that the court adjudicate their rights, and allow the plaintiff to pay said fund into the registry of the court and be discharged. The petition in substance alleged: On March 3, 1951, the plaintiff issued a policy of insurance on the life of Hayden C. Lowery for $750, in which policy the defendant Mrs. Etta Mae Lowery was named as beneficiary. The defendant Mrs. Coleman contends that the insured changed the beneficiary designated in said policy from Etta Mae Lowery to Allie C. Coleman prior to his death. The insured died on December 27, 1952, and Mrs. Etta Mae Lowery and Mrs. Allie C. Coleman have filed demands for payment of the amount due under the policy, and the defendant Adams is demanding payment thereof as transferee of Mrs. Coleman. The plaintiff has no interest in the fund except to pay it to the person entitled thereto, is not in collusion with or supporting either party in their respective claims to the fund, and the defendants should be required to interplead and set up their respective claims for adjudication. Mrs. Lowery filed demurrers both general and special to the petition. Paragraph 6 of the petition alleged: "It is contended by Mrs. Allie C. Coleman that said Hayden C. Lowery changed the beneficiary named in said policy from Etta M. Lowery to Allie C. Coleman, prior to his death." This paragraph was demurred to specially, on the ground that

it is not set out when and in what manner the beneficiary was changed. Paragraph 10 alleged that the defendant Cordie Adams, as transferee of Mrs. Coleman, has filed his demand for payment of said policy to pay the funeral expenses of the deceased. This paragraph was demurred to specially, on the ground that it was not alleged in what manner the policy was transferred to Adams, or at what time. Each of the defendants filed answers, and on a hearing the court overruled the demurrers of Mrs. Lowery and entered an order permitting the plaintiff to pay the $750 into the registry of the court, and ordering the defendants to interplead, and that upon the failure of any claimant to so interplead, the right of such claimant be forever barred. The defendant Mrs. Lowery filed her bill of exceptions to the ruling on demurrer and the judgment requiring the parties to interplead, assigning error on each of said orders. *Held:*

1. "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Code, § 37-1503. "A stakeholder is not entitled to protection by a court of equity to the extent of being saved from all shadow of risk; and so where *he is in possession of all the facts* and there is no question of law which is reasonably debatable, his petition for interpleader should be denied." *Lassiter* v. *Bank of Dawson,* 191 *Ga.* 208, 221 (11 S. E. 2d, 910). "It must appear from the allegations of the petition that the conflicting claims of the defendants are of such character as to render it doubtful or dangerous for the plaintiff to act; and in order to do this it is necessary that such claims be set forth so as to inform the court of their nature, character, and foundation, certainly to the extent of enabling the court to determine whether or not an interpleader is essential to the plaintiff's protection." *Knight* v. *Jackson,* 156 *Ga.* 165, 167 (118 S. E. 661). See also *Davis* v. *Davis,* 96 *Ga.* 136 (2) (21 S. E. 1002); *Reed* v. *Metropolitan Life Ins. Co.,* 206 *Ga.* 604 (2) (58 S. E. 2d, 183).

2. "Where no power of divestiture is reserved in a policy of life insurance, the issuance of the policy confers a vested right upon the person named therein as beneficiary, and the insured can not transfer such interest to any other person without the consent of such beneficiary. *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46); *Smith* v. *Head,* 75 *Ga.* 755; *Baldwin* v. *Wheat,* 170 *Ga.* 449, 453 (153 S. E. 194). The rule is different, however, where a power to change the beneficiary or to assign the policy is reserved to the insured by the terms of the instrument; and in such a case the issuance of the policy does not confer a vested right or interest upon the beneficiary." *Bankers Health & Life Ins. Co.* v. *Crozier,* 192 *Ga.* 111, 112 (14 S. E. 2d, 717). In the instant case, the petition does not set forth a copy of the life-insurance policy, or the substance of the same. It contains a specific allegation that, at the time the plaintiff issued the policy on the life of Hayden C. Lowery, the defendant Mrs. Etta Mae Lowery was designated as beneficiary, and alleges that the defendant Mrs. Coleman contends that the insured changed the beneficiary named in the policy from Mrs. Lowery to Mrs. Coleman prior to his death, without alleging

when, how, or in what manner this change was made. There is no allegation that the insured reserved to himself the right to change the beneficiary; and it being alleged that Mrs. Lowery was named beneficiary, the mere allegation that Mrs. Coleman contends that the insured changed the beneficiary prior to his death was insufficient to set out a claim on behalf of Mrs. Coleman that conflicts with the claim of Mrs. Lowery of such character as to render it doubtful or dangerous for the plaintiff to act, and the allegations are insufficient to inform the court of the nature, character, and foundation of Mrs. Coleman's claim so as to enable the court to determine whether or not an interpleader is essential to the plaintiff's protection. The trial court therefore erred in overruling the general demurrer, and the special demurrer to paragraph 6 of the petition.

3. The right of the defendant Adams, as assignee of Mrs. Coleman, to receive the benefits of the policy, could only arise in the event there had been a change of beneficiary from Mrs. Lowery to Mrs. Adams. Whether or not this assignment was valid is a matter in which only the plaintiff and the defendants Coleman and Adams would be concerned, and consequently the special demurrer of Mrs. Lowery seeking to require the plaintiff to allege in what manner the policy was transferred to the defendant Adams, and at what time, were properly overruled.

4. Under the rulings made in division 2 above, it necessarily follows that the judgment of the court ordering the parties to interplead was nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18189. Submitted April 13, 1953—Decided May 12, 1953.

*H. Dale Thompson,* for plaintiff in error.

*J. K. Whaley,* contra.