20228.   LILLEY *et al. v.* NIXON.

ARGUED OCTOBER 16, 1958—DECIDED NOVEMBER 7, 1958.

*Carl T. Hudgins, Sam G. Dettelbach,* for plaintiffs in error.
*Augustine Sams,* contra.

ALMAND, Justice.   Mrs. Marion Nixon filed her petition against Ethel Purcell Lilley and G. Leonard Allen, Jr., for injunction and interpleader, alleging generally that each of defendants is a real-estate agent; that plaintiff has made an agreement to sell certain described real estate and will owe one commission for the sale of said property; that both defendants claim said commission as a debt or duty owed by plaintiff; and that the commission is due to one of defendants, but that plaintiff is unable to say to which it is due.

Plaintiff specifically alleges in paragraph six of her petition: that "At first petitioner listed said property for a limited time of thirty days exclusively with the defendant Ethel Lilley. Said listing was for sale at and for a named consideration which petitioner alleges the defendant Ethel Lilley did not obtain within the time of the exclusive listing"; and in paragraph seven, "That Ethel Lilley reported to petitioner that she had not sold the premises at the price asked and did not give to petitioner the names of any person or persons she had interested in or to whom she had shown the property."

Plaintiff further alleges in paragraph eight: that "Petitioner will further show that she thereafter, after the termination of the exclusive listing, placed the property in the hands of other agents and that the defendant Leonard Allen interested one Mr. Sales on or about March 16, 1958, in said property and that

it was agreed that the property be sold to him with no knowledge on the part of the petitioner that the said Sales had previously seen or been shown the property"; and in paragraph nine: "That $500.00 earnest money has been placed in the hands of the defendant Allen by said Sales as earnest money and that petitioner will owe one commission and only one commission for the sale of said property." Paragraph eleven contains the allegation that "The petitioner on or about May 2, 1958, was notified by the defendant Ethel Lilley that she claims the commission and claims she made the sale."

Plaintiff's prayers are: "(a) That process issue as provided by law; (b) that the defendants be required to interplead and set up their respective claims to the commission at and for the sale of said property and that it be determined among them as to which one is entitled to the commission; (c) that the trade be closed and the defendant Leonard Allen be temporarily restrained and enjoined from disposing or paying out said funds as commissions and that petitioner be allowed if the funds in the hands of said Allen are insufficient to cover the commission to pay into court in this case for the benefit of the prevailing party, by interpleader, any balance due as commissions and this petitioner offers to do if and when the sale is closed; (d) that rule nisi issue requiring the defendants to show cause why they should not be required to interplead herein as provided by law, and why earnest money paid should not be turned over to this court until the party rightfully entitled thereto is determined; [and] (e) that petitioner have judgment requiring such interpleader and be hence discharged."

The trial court overruled the general and special demurrers of the defendants and denied their oral motions to dismiss; and, after hearing evidence, ordered the defendants to interplead their respective claims, restraining the defendant Allen as so prayed. The defendants assign error on each order of the trial court.

The plaintiff, Mrs. Marion Nixon, is seeking to require the defendants in this case to interplead their "respective claims" to a real-estate commission under Code § 37-1503, which provides: "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person

shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead."

While the plaintiff alleges that only one commission is owed for the sale of her real estate, that both defendants are claiming said commission, and that she in law or in fact does not know who made the alleged sale, the allegations of her petition affirmatively show: that she entered into a contract of exclusive listing for the sale of said property with the defendant Lilley for a period of thirty days; that defendant Lilley did not obtain a sale of the property within the time of the exclusive listing; that subsequently to the termination of the exclusive listing with the defendant Lilley, the plaintiff listed the property with the defendant Allen; that Allen procured a buyer, one Mr. Sales, for the property; and that an agreement of sale was made with said buyer, who deposited $500 earnest money with defendant Allen, which fund Allen claims as a partial commission for inducing the sale.

Under the face of these admissions, the contradictory statement that the petitioner does not know who in law or in fact made the alleged sale, and the bare allegation that the defendant Lilley claims the commission and claims she made the sale, do not support a case for interpleader. "A stakeholder is not entitled to protection by a court of equity to the extent of being saved from all shadow of risk; and so where *he is in possession of all the facts* and there is no question of law which is reasonably debatable, his petition for interpleader should be denied." *Lassiter* v. *Bank of Dawson*, 191 *Ga.* 208, 221 (11 S. E. 2d 910). "Real doubt or danger alone authorizes one to file a petition for interpleader. It must appear from the allegations of the petition that the conflicting claims of the defendants are of such character as to render it doubtful or dangerous for the plaintiff to act; and in order to do this it is necessary that such claims be set forth so as to inform the court of their nature, character, and foundation, certainly to the extent of enabling the court to determine whether or not an interpleader is essential to the plaintiff's protection." *Knight* v. *Jackson*, 156 *Ga.* 165, 167 (118 S. E. 661). The petition clearly shows a claim by defendant

Allen for the commission, part of which is already in his hands, which the petitioner might reasonably conclude that she could not in safety ignore. The plaintiff by her own allegations of fact, that defendant Allen interested one Mr. Sales in her property, and that she agreed to sell it to him, shows that the alleged "claim" of the defendant Lilley to the commission claimed by Allen for the actual sale of the property, does not " 'create a reasonable doubt' as to his safety in undertaking to determine for himself to whom the fund belongs." *Franklin* v. *Southern Ry. Co.*, 119 *Ga.* 855(1) (47 S. E. 344). Certainly, the mere allegation that the defendant Lilley contends she made the sale and that she is entitled to the commission was insufficient to set out a claim on her behalf that conflicts with the claim of the defendant Allen of such character as to render it doubtful or dangerous for the plaintiff to act, and the allegations are insufficient to inform the court of the nature, character, and foundation of the defendant Lilley's claim, so as to enable the court to determine whether or not interpleader is essential to the plaintiff's protection. See *Reed* v. *Metropolitan Life Ins. Co.*, 206 *Ga.* 604 (58 S. E. 2d 183); *Lowery* v. *Independent Life &c. Ins. Co.*, 209 *Ga.* 753 (76 S. E. 2d 5).

When the allegation, that defendant Lilley claims a commission for the sale of the property, is construed together with the allegations that the plaintiff and the defendant Lilley had entered into a contract of exclusive listing of the property, and that subsequently to the termination of that contract, the plaintiff had engaged the defendant Allen, who procured a buyer with whom an agreement of sale was made, it is readily apparent that the defendant Lilley is not involved in a contest with the defendant Allen for the particular or single commission put in issue by the plaintiff, but rather is engaged directly with the plaintiff in a controversy arising out of the rights and liabilities springing from the contract of exclusive listing which is wholly unconnected and disassociated with the defendant Allen's claim.

It is obvious from the face of the petition that the rights of the defendant Allen to a commission for inducing the sale of the plaintiff's real estate are not dependent upon the rights of the defendant Lilley; and that the claim of the defendant Lilley, if

any, presents a question of double liability and not of double vexation for one liability. A double liability being possible, the plaintiff is not in that disinterested attitude as to the conflicting claimants which is essential to a bill of interpleader or bill in the nature of interpleader. See *Little & Green* v. *Davis,* 140 *Ga.* 212 (2) (78 S. E. 842) ; *Manufacturers Finance Co.* v. *Jones Co.,* 141 *Ga.* 619 (81 S. E. 1033) ; *Gardner* v. *Haas, Howell & Dodd,* 178 *Ga.* 685 (173 S. E. 863). See also Newsum *v.* Interstate Realty Co., 152 Tenn. 302 (278 S. W. 56), which was cited with approval in the *Gardner* case, supra.

The ruling in headnote one of *Little & Green* v. *Davis,* 140 *Ga.* 212, supra, relied upon by the plaintiff, is not applicable here. In that case the petition alleged that the plaintiff listed a piece of real estate with several real-estate agents; that each of two defendants claimed to have effected the sale; that, under a universal custom in Atlanta when the same piece of property is placed for sale with a number of real-estate agents, the commission is to be paid to the agent bringing about the sale; and that, there being no different agreement made "in this case, there is consequently an implied contract that only one commission is to be paid." It was there held that under these allegations the plaintiff owed but a single debt and no question of a double liability could arise under the allegations of the petition. In the instant case the petition alleges two separate contracts of listing for the sale of the plaintiff's property, and seeks to require the defendants to litigate between themselves over a fund resulting from the inducing of a sale by one of the defendants and there is a possibility under the allegations of the petition that the plaintiff may be liable to both parties. It is essential to an interpleader that the plaintiff be liable to only one of the defendants and never by any possibility to both. It is of interest to note that in headnote two of the *Davis* case, supra, this court held that under the answers of the defendants and the evidence, the plaintiff "was clearly divested of his character as a disinterested stakeholder, and the right to require the other parties to interplead was therefore lost."

The court having erred in overruling the general demurrer of

each defendant, it follows that the order requiring the defendants to interplead was nugatory.

*Judgment reversed. All the Justices concur.*