21429. CALHOUN v. LAWRENCE, Trustee, *et al.*

ARGUED OCTOBER 10, 1961—DECIDED NOVEMBER 9, 1961.

424

*Sam G. Dettelbach,* for plaintiff in error.
*Everett L. Almon, Miles B. Sams,* contra.

QUILLIAN, Justice. "A stakeholder is not entitled to protection by a court of equity to the extent of being saved from all shadow of risk; and so where *he is in possession of all the facts* and there is no question of law which is reasonably debatable, his petition for interpleader should be denied." *Lassiter v.*

*Bank of Dawson*, 191 Ga. 208, 221 (11 SE2d 910). "Real doubt or danger alone authorizes one to file a petition for interpleader." *Knight v. Jackson*, 156 Ga. 165, 167 (118 SE 661). Here the plaintiffs' own allegations affirmatively show that the exclusive-listing agreement with the defendant Siler had expired. There is no indication as to why the plaintiffs would be under any "shadow of risk" in refusing to pay Siler's claim, nor why they should fail to pay the defendants Hester and Calhoun, whose claims, the petition alleges, were based on their consummation of the sale.

Further, an examination of the petition evinces the obvious conclusion that the rights of the defendant Siler, derived from the exclusive-listing contract, are entirely unrelated to those of the other two defendants, Hester and Calhoun, and are not dependent upon their rights. The defendant Siler's claim, if valid, would present a question of double liability and not of double vexation for a single liability. Thus, the plaintiffs are not of such disinterested attitude as to the conflicting claimants which is a prerequisite to interpleader. *Lilley v. Nixon*, 214 Ga. 548 (105 SE2d 716) and cases cited.

This case clearly falls under the rules pronounced in *Lilley v. Nixon*, supra. The court erred in overruling the defendant's general demurrer.

*Judgment reversed. All the Justices concur.*