## 22073. ADRIAN LUMBER COMPANY, INC. v. GILLIS et al.

SUBMITTED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Jones & Douglas,* for plaintiff in error.
*Rowland & Rowland, Emory L. Rowland, C. C. Crockett,* contra.

GRICE, Justice. Whether a cause of action for interpleader was alleged is the question we determine from the petition filed by P. M. Watson & Company against Carl L. Gillis, Jr. and Adrian Lumber Company, Inc., in the Superior Court of Johnson County. The trial court held that the petition was not subject to the general demurrers interposed by Adrian Lumber Company, Inc., and that ruling was assigned as error to bring the question here.

The petition made the following material allegations. Petitioner owes a debt which is claimed by both Gillis and Adrian so as to render it doubtful or dangerous for petitioner to pay either of them. The conflicting claims originated by petitioner's purchase of scrap metal from Adrian, which sold the same as its property. After taking possession of the metal, but before paying Adrian the purchase price, petitioner was notified by Gillis that the metal belonged to him and that he alone was entitled to the proceeds of its sale. Both Gillis and Adrian continue to claim such proceeds as owner of the metal, and both, petitioner believes, will sue it to collect this debt unless they are restrained from

doing so and are required to interplead and settle their claims. Petitioner has always been ready and willing to pay the rightful owner of this property and is entirely impartial as to the claims of each. Petitioner has made repeated but unsuccessful efforts to have the claimants reconcile their differences and permit it to pay the proceeds under circumstances discharging it from liability. Petitioner prayed that Gillis and Adrian show cause why they should not litigate the issues between themselves, that they be temporarily restrained from suing petitioner on this debt, that it be allowed to pay the proceeds into court and be discharged, that it be awarded attorney's fees and costs, and for general relief.

The grounds of demurrer were that the petition did not set forth a cause of action or any right to the relief sought; and also that it did not allege any legal grounds to require interpleader since it showed that Adrian had a valid claim against petitioner for the specified amount, which petitioner was under a clear legal duty to discharge to Adrian.

These demurrers, as we assess them, were properly overruled.

The petition was predicated upon *Code Ann.* § 37-1503, which provides that "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead . . ."

The allegations of this petition meet the requirements that the respective claims be "apparently well founded, to a fund or property in the hands of a person having no interest or claim thereon, and who, as between the conflicting claimants, is perfectly indifferent." *Wight v. Ferrell*, 188 Ga. 200, 201 (3 SE2d 736).

Gillis and Adrian each asserted a claim which appears to be valid, thus requiring payment by petitioner. That Gillis sought recovery of the proceeds from the sale, instead of the metal itself, does not invalidate his claim against petitioner. Nor did petitioner's prior agreement to purchase the metal from Adrian, which represented that it owned it, defeat petitioner's right to interpleader. See *Edmiston v. Whitney Land Co.*, 198 Ga. 546 (32 SE2d 259), where the evidence embodied both of these fac-

tors and recovery in the interpleader proceeding was allowed.

In the final analysis, whether Gillis or Adrian is entitled to the money depends upon which of them actually owned the metal when it was sold to petitioner. On that issue petitioner pleaded the required doubt or danger of action. Its petition alleges a cause of action for the relief sought.

*Judgment affirmed. All the Justices concur.*